# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00041-CR

**The State of Texas, Appellant**

**v.**

**Jimmie Dale White, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 1030299, HONORABLE JON N. WISSER, JUDGE PRESIDING

## O P I N I O N

The State appeals an order dismissing the indictment in this cause. Appellee Jimmie Dale White's motion to dismiss the State's appeal for want of jurisdiction was overruled without written order on July 23, 2007. He has filed a motion for rehearing asking the Court to reconsider the overruling of his motion.

The district court's order dismissing the indictment was signed on December 31, 2006. The State was required to "make" and file its notice of appeal no later than fifteen days thereafter, or January 15, 2007. *See* Tex. Code Crim. Proc. Ann. art. 44.01(d) (West 2006); Tex. R. App. P. 26.2(b). The State's notice of appeal was filed on January 18, 2007. The attached certificate of service states, among other things, "This State's notice of appeal is timely if filed by January 18, 2007, since the Travis County Clerk's office was closed on January 15, 2007,

in observance of MLK day, and was closed on January 16 and 17, 2007, due to inclement weather." *See* Tex. R. App. P. 4.1. The certificate was signed by Assistant District Attorney Holly E. Taylor.[1]

In his motion to dismiss, White argued that counsel's certificate was inadequate to satisfy rule 4.1(b) because it did not state that the *district* clerk's office, the office in which the notice was filed, had been closed due to inclement weather.[2] In its response to the motion, the State argued that the omission of the word "district" in counsel's certificate was a clerical or typographical error. In addition, the State asked the Court to take judicial notice that the Travis County District Clerk's office was closed on January 16 and 17, 2007. Attached to the motion (and also to the State's response) was an affidavit signed by Michelle Brinkman, Chief Deputy District Clerk, stating that "[o]n January 16th and 17th of 2007, the Travis County District Clerk's office was closed due to inclement weather." The motion to take judicial notice was granted on the same day White's motion to dismiss was overruled.

In his motion for rehearing, White argues that consideration of Brinkman's affidavit is foreclosed by the holding in *State v. Muller*, 829 S.W.2d 805, 812-13 (Tex. Crim. App. 1992). We disagree. In *Muller*, the State's original, timely notice of appeal was not signed or authorized by the elected district attorney, as required by article 44.01. *Id*. at 810. Eight months later, the State sought to cure this defect by filing an amended notice of appeal. *Id*. at 806. The court of criminal appeals held that the amended notice of appeal was ineffective because the statutory fifteen-day time limit for the prosecuting attorney to make an appeal under article 44.01 is a substantive limitation

---

[1] The notice of appeal itself was signed by District Attorney Ronald Earle.

[2] White does not dispute that January 15, 2007, was a legal holiday.

that is not susceptible to correction by the "amendment and cure" provisions of the appellate rules. *Id*. at 812.

In the instant case, the State has not sought to amend its notice of appeal outside the fifteen-day time limit. Rather, the question presented is whether the State's one and only notice of appeal was filed timely. Contrary to White's argument, *Muller* does not hold that the appellate record cannot be supplemented outside the fifteen-day filing period in order to determine the applicability of rule 4.1(b). In fact, the rule expressly provides that the closing or inaccessibility of the clerk's office may be proved or controverted by a certificate of the clerk or counsel, a party's affidavit, or other satisfactory proof. Tex. R. App. P. 4.1(b).

We also find no support for White's argument in *Johnson v. State*, 84 S.W.3d 658 (Tex. Crim. App. 2002). In that case, the court construed a former appellate rule that required a defendant with a limited right of appeal to recite in his notice of appeal that the prerequisites for appeal had been met. *See id*. at 659 n.1. The court held that if the required recitals were not contained in the notice of appeal, the court of appeals could not look elsewhere in the record to determine if the prerequisites had been satisfied. *Id*. at 660. We do not understand *Johnson* to prohibit a court of appeals from looking outside the notice of appeal to determine whether an appellate deadline fell on a weekend, legal holiday, or day the clerk's office was closed due to bad weather.

We also understand White to argue that rule 4.1(b) is inapplicable to a State's appeal. Again, we disagree. Because the fifteen-day time limit in article 44.01(d) is a substantive limitation on the State's right of appeal, it cannot be extended by the appellate court pursuant to rule 26.3 (motions for extension of time). *See Muller*, 829 S.W.2d at 812 (citing *State v. Demaret*,

3

764 S.W.2d 857, 858 (Tex. App.—Austin 1989, no pet.)). However, the State has not sought an extension of the deadline for perfecting its appeal. Rule 4.1 does not extend the substantive time limit for the State to perfect an appeal, but merely provides for the eventuality of the deadline falling on a Saturday, Sunday, legal holiday, or day in which the clerk's office is closed or inaccessible due to inclement weather. As its title states, rule 4.1 provides guidelines by which established time periods are to be computed. The plain language of article 44.01(d) does not preclude the application of rule 4.1 in calculating whether the State's notice of appeal was filed timely.

Next, White argues that Brinkman's affidavit is inadequate because it merely states that the district clerk's office was closed due to inclement weather on the days in question. He complains that the affidavit does not state that the office was closed during regular business hours for the entirety of the two days or recite the legal authority by which it was closed. We decline to read the affidavit so narrowly. Reasonably construed, the affidavit is sufficient to support the conclusion that the Travis County District Clerk's office was closed all day due to the weather on January 16 and 17, 2007. We assume that the office was closed on the authority of the Travis County District Clerk, but it is sufficient for rule 4.1(b) that the office was closed due to inclement weather regardless of who ordered the closing.

Courts of appeals must construe the appellate rules reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Few v. State*, No. PD-0866-06, Tex. Crim. App. LEXIS 317, at *13 (Tex. Crim. App. Mar. 7, 2007) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)). We conclude that counsel's certification attached to the notice of appeal and the affidavit of the deputy district clerk attached to both the State's response to the motion to dismiss and to the State's motion to take

4

judicial notice are sufficient to make a prima facie showing that the district clerk's office was closed due to inclement weather on January 16 and 17, 2007. White has made no probative showing to the contrary.[3] Applying rule 4.1(b), the State's notice of appeal was timely filed on January 18, 2007.

However, compliance with rule 4.1(b) does not obviate the strict requirement of article 44.01(d) that the elected district attorney "make" the State's appeal – by signing or personally authorizing the notice of appeal – within fifteen days of the trial court's order, January 15. *See Muller*, 829 S.W.2d at 810. Relying on article 44.01(d), White raises in his motion for rehearing an issue not previously presented in his motion to dismiss. He observes that the district attorney's signature on the notice of appeal is not dated. Because the notice of appeal was not filed until January 18, he urges us to infer that the district attorney failed to "make" the appeal timely.

Under the unusual circumstances of this case, we cannot discern from the record whether the elected district attorney timely "made" the State's appeal. We note that the assistant district attorney's certificate of service, which was obviously prepared on January 18, is on a separate sheet of paper attached to the notice of appeal signed by the district attorney. These circumstances are equally consistent with the district attorney having signed the notice within the fifteen-day period as they are him signing it on or near January 18. While it may be prudent for the district attorney to date his signature on a State's notice of appeal to avoid future disputes, there is nothing in article 44.01(d) or the appellate rules that requires it. Nor do these provisions yield any basis for us to draw presumptions here as to when the district attorney signed the notice.

---

[3] White refers us to evidence that the Travis County Commissioner's Court met on January 16 and 17, 2007. This is not evidence that the district clerk's office was open on those dates.

This unresolved fact—whether the elected district attorney "made" the State's appeal within the strict fifteen-day deadline of article 44.01(d)—controls our subject-matter jurisdiction over the State's appeal. *See id.* at 812-13. In similar instances, appellate courts have abated pending appeals and remanded unresolved jurisdictional fact questions to the trial court for resolution. *See Peavy v. Texas Home Mgmt., Inc.*, 16 S.W.3d 104, 105 Tex. App.—Houston [1st Dist.] 2000, no pet.) (abating for findings of fact on when appellee and counsel received notice of appellate judgment). We will do the same here. Accordingly, we reserve a final ruling on White's motion for rehearing, abate the appeal, and remand the cause to the district court. That court shall take evidence and make a written finding regarding the date the elected district attorney signed the State's notice of appeal. A supplemental record containing the district court's written finding of fact and a transcription of any hearing shall be filed in this Court no later than fifteen days after the date of this opinion.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Abated

Filed:  August 31, 2007

Publish