# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00262-CR

**The State of Texas, Appellant**

**v.**

**Mark Aurelino Galindo, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT**
**NO. D-1-DC-12-202741, THE HONORABLE JIM CORONADO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The State seeks to appeal the trial court's order granting appellee Mark Aurelino Galindo's pretrial motion to suppress and has filed a motion for extension of time to file its notice of appeal. *See* Tex. Code Crim. Proc. art. 44.01(a)(5); Tex. R. App. P. 26.3. We deny the motion and dismiss the appeal for want of jurisdiction.

To perfect appeal in a criminal case and invoke the appellate court's jurisdiction, the appellant must timely file a notice of appeal. *See* Tex. R. App. P. 25.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012). When the State is the appellant, the notice must comply with article 44.01 of the Code of Criminal Procedure, which grants the State the authority to appeal certain adverse trial court rulings. *See* Tex. Code Crim. Proc. art. 44.01; Tex. R. App. P. 25.2(b)(2). Under article 44.01(d), the State must file its notice of appeal from a suppression order no later than the

20th day after the date the order is entered. *See* Tex. Code Crim. Proc. art. 44.01(d). This is a substantive limitation on the State's right to appeal and cannot be expanded by the rules of appellate procedure. *See State v. Cowsert*, 207 S.W.3d 347, 351–52 (Tex. Crim. App. 2006); *State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992).

In this case, the trial court entered the suppression order on March 28, 2014, making the State's notice of appeal due April 17, 2014. *See* Tex. Code Crim. Proc. art. 44.01(d); Tex. R. App. P. 26.2(b). Relying on Rule 26.3 of the Rules of Appellate Procedure, which allows an appellate court to extend the time to file the notice of appeal if certain conditions are met, the State filed its notice of appeal, along with a motion seeking an extension, on April 25, 2014—28 days after entry of the suppression order. However, the State may not avail itself of the extension period provided under Rule 26.3. *See Muller*, 829 S.W.2d at 812; *see also State v. White*, 248 S.W.3d 310, 313 (Tex. App.—Austin 2007, no pet.) ("Because the 20-day time limit in article 44.01(d) is a substantive limitation on the State's right of appeal, it cannot be extended by the appellate court pursuant to rule 26.3 (motions for extension of time).").

The State's statutory authority to appeal expired April 17, the 20th day after entry of the suppression order, and cannot be revived by an extension motion. *See White*, 248 S.W.3d at 313; *State v. Rollins*, 4 S.W.3d 453, 454 (Tex. App.—Austin 1999, no pet.). Accordingly, we deny the State's motion for extension of time to file its notice of appeal and dismiss the appeal for want of jurisdiction.[1]

---

[1] In its motion for extension, the State explains that its failure to file a timely notice of appeal was due to the fact that the State was not notified that the suppression order had been signed and did not have actual knowledge that the order was signed until April 23, 2014, six days after the deadline

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed for Want of Jurisdiction

Filed:   May 14, 2014

Do Not Publish

---

for filing its notice of appeal.  In civil cases, additional time for filing notice of appeal may be obtained if a party affected by a judgment or other appealable order does not receive notice or have actual knowledge of the signing.  *See* Tex. R. App. P. 4.2.  No comparable rule exists for criminal cases, and in any event statutory requirements prevail over any procedural rule.  *State v. Rollins*, 4 S.W.3d 453, 455 (Tex. App.—Austin 1999, no pet.).

   The State also avers that the presiding judge, the magistrate judge, and appellee's counsel have no objection to the State's late notice of appeal.  However, this agreement cannot extend the State's statutory authority to appeal or confer jurisdiction upon this Court.  *See State v. Riewe*, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000) (reaffirming that parties cannot confer jurisdiction upon court by agreement where none exists.)

3