PD-0880-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/15/2015 11:03:19 AM
Accepted 7/17/2015 1:04:19 PM
ABEL ACOSTA
CLERK

No. 02-14-00175-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

THE STATE OF TEXAS,                                          Appellant

v.

ZACHARY PALMER,                                             Appellee

Appeal from Wise County

\* \* \* \* \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

STACEY M. GOLDSTEIN
Assistant State's Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

FILED IN
COURT OF CRIMINAL APPEALS

July 17, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES, JUDGE, AND COUNSEL

* The parties to the trial court's judgment are the State of Texas and Appellee, Zachary Palmer.

* The trial Judge was Hon. John H. Fostel, 271st Judicial District Court.

* Trial counsel for the State was Tim Cole, Assistant District Attorney, 101 North Trinity, Suite 200, Decatur, Texas 76234.

* Counsel for the State before the Court of Appeals was Patrick D. Berry, Assistant District Attorney, 101 North Trinity, Suite 200, Decatur, Texas 76234.

* Counsel for the State before the Court of Criminal Appeals is Stacey M. Goldstein, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

* Counsel for Appellee at trial and before the Court of Appeals was Barry Green, 101 West Main, Decatur, Texas 76234.

# TABLE OF CONTENTS

IDENTITY OF PARTIES, JUDGE, AND COUNSEL.. . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUND FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Did the State's timely filed notice of appeal signed only by an assistant district attorney invoke the court of appeals' jurisdiction when the elected district attorney's untimely filed affidavit stated that he authorized the appeal when it was filed?**

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-10

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

APPENDIX A (Opinion of the Court of Appeals)

APPENDIX B (State's Response to Appellee's Motion to Dismiss State's Appeal )

# INDEX OF AUTHORITIES

**Cases**

*State v. Bates*, 889 S.W.2d 306 (Tex. Crim. App. 1994). . . . . . . . . . . . . . . . .  8 n.14

*State v. Blankenship*, 146 S.W.3d 218 (Tex. Crim. App. 2004).  . . . . . . . . 5, 5 n.9, 6

*State v. Boseman*, 830 S.W.2d 588 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . 5, 9

*Coffey v. State*, 979 S.W.2d 326 (Tex. Crim. App 1998).  . . . . . . . . . . . . . . . . 8 n.4

*State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). . . . . . . . . . . .  7-8 n.12

*Leal v. State*, __ S.W.3d __, No. 14-13-00208-CR, 2015 Tex. App. LEXIS 6460 (Tex. App.—Houston [14th] 2015) (op. on remand) (Frost, J., concurring). . .  7 n.11

*State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992). . . . . . . . . . . . . . .  3-4, 6-9

*State v. Palmer*, __ S.W.3d __, No. 02-14-00175-CR, 2015 Tex. App. LEXIS 6572 (Tex. App.—Fort Worth 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 4-5

*State v. Redus*, 445 S.W.3d 151 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . 10 n.16

*State v. Riewe*, 13 S.W.3d 408 (Tex. Crim. App. 2000).  . . . . . . . . . . . . . . . 5, 9-10

*State v. Shelton*, 830 S.W.2d 605 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . 7 n.10

*State v. White*, 261 S.W.3d 65 (Tex. App.—Austin 2007).  . . . . . . . . 5, 5 n.8, 8 n.15

**Statutes**

TEX. CODE CRIM. PROC. art. 44.01(a)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

TEX. CODE CRIM. PROC. art. 44.01(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

TEX. CODE CRIM. PROC. art. 44.01(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Secondary Sources

BLACK'S LAW DICTIONARY 74 (5th ed. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7 n.11

BLACK'S LAW DICTIONARY 1135 (5th ed. 1979). . . . . . . . . . . . . . . . . . . . . . . . 7 n.12

BLACK'S LAW DICTIONARY 1184 (5th ed. 1979). . . . . . . . . . . . . . . . . . . . . . . . 8 n.13

No. 02-14-00175-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

THE STATE OF TEXAS,                                             Appellant

v.

ZACHARY PALMER,                                               Appellee

Appeal from Wise County

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State respectfully urges this Court to grant discretionary review.

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

**STATEMENT OF THE CASE**

The State filed a notice of appeal from the trial court's order granting Appellee's suppression motion.  The notice was not signed by the elected district

1

attorney as required by Texas Code of Criminal Procedure Article 44.01(d), (i). In response to Appellee's motion to dismiss for want of jurisdiction, filed after the appellate timetable expired, the State filed an affidavit from the district attorney, stating that he had authorized the assistant district attorney to purse the appeal when it was filed. The court of appeals held that consideration of the untimely affidavit as proof of authorization was improper because it could not retroactively cure the notice by amendment or ratification. The court then dismissed the State's appeal.

## STATEMENT OF PROCEDURAL HISTORY

In a published decision, the court of appeals dismissed the State's appeal for want of jurisdiction. *State v. Palmer*, __ S.W.3d __, No. 02-14-00175-CR, 2015 Tex. App. LEXIS 6572 (Tex. App.—Fort Worth 2015). The State did not file a motion for rehearing.

## GROUND FOR REVIEW

**Did the State's timely filed notice of appeal signed only by an assistant district attorney invoke the court of appeals' jurisdiction when the elected district attorney's untimely filed affidavit stated that he authorized the appeal when it was filed?**

## ARGUMENT

Texas Code of Criminal Procedure Article 44.01(a)(5) provides that the State is entitled to appeal an order granting a motion to suppress if the "prosecuting attorney certifies . . . that the appeal is not taken for the purpose of delay and that the evidence

2

. . . is of substantial importance to the case . . . ." "Prosecuting Attorney" means the district attorney; it does not include an assistant district attorney. TEX. CODE CRIM. PROC. art. 44.01(i). This requirement was intended to prevent the State from filing frivolous appeals for purposes of harassment. *State v. Muller*, 829 S.W.2d 805, 811 n.7 (Tex. Crim. App. 1992).

In this case, the State timely filed a notice of appeal from the trial court's order granting Appellee's motion to suppress.[1] However, it was signed by an assistant district attorney, not the Wise County District Attorney.[2] The State then filed an untimely amended notice of appeal, which was signed by the district attorney.[3]

Appellee moved to dismiss, arguing that the timely notice of appeal was defective because it was not signed and therefore not authorized by the district attorney.[4] He also claimed that the amended notice was late, in violation of Texas Code of Criminal Procedure 44.01(d), which states that a prosecuting attorney may not make an appeal under subsection (a) later than 20 days after the order was

---

[1] *See* 1 CR 70-71.

[2] *See* 1 CR 70-71.

[3] *See* 1 CR 75-76.

[4] Appellee's Motion to Dismiss State's Appeal at 1-2. Because these documents were filed in the court of appeals, they are not included in the trial-court clerk's record.

entered.[5]   The State filed a response, claiming that the assistant district attorney filed

the timely notice of appeal with the full authorization of the district attorney.[6]   In

support, the State attached an affidavit from the district attorney stating, in part:

> With my full knowledge, authorization and under my direct instruction, Patrick Berry filed a Notice of Appeal on April 7, 2014, within 20 days required by Texas Rule of Appellate Procedure, Rule 26.2(b).  Mr. Berry signed said Notice of Appeal with my full consent and under my instruction to do so on my behalf.  I personally authorized Mr. Berry to sign and file the Notice of Appeal at that time.
>
> . . .
>
> Although I did not personally sign the original Notice of Appeal . . . I did personally authorize Patrick Berry . . . to sign said Notice on my behalf and said Notice should be taken as my personal act, authorization, and certification, of the appeal in the above-mentioned case.[7]

After twice denying Appellee's motion to dismiss, *Palmer*, 2015 Tex. App.

LEXIS 6572, at * 3, the Fort Worth Court of Appeals dismissed the State's appeal for

want of jurisdiction, relying primarily on this Court's decision in *State v. Muller*.  *Id*.

at *4-12.  Following *Muller*, the Forth Worth Court held that the State's first notice

was defective and that its untimely amended notice did not cure the defect.  *Palmer*,

2015 Tex. App. LEXIS 6572, at *5.  The district attorney's affidavit, the court stated,

---

[5]  Appellee's Motion to Dismiss State's Appeal at 1-2.

[6]  *See* Appendix B, State's Response to Appellee's Motion to Dismiss State's Appeal at 1-3.

[7]  *See* Appendix B, State's Response to Appellee's Motion to Dismiss State's Appeal at Attachment A.

4

is no different than the amended notice. *Id.* Ratification after the filing deadline is ineffective under *State v. Boseman*, 830 S.W.2d 588 (Tex. Crim. App. 1992), and jurisdiction cannot be retroactively obtained under *State v. Riewe*, 13 S.W.3d 408 (Tex. Crim. App. 2000). *Palmer*, 2015 Tex. App. LEXIS 6572, at *6. The court also rejected the State's reliance on *State v. Blankenship*, 146 S.W.3d 218 (Tex. Crim. App. 2004), and *State v. White*, 261 S.W.3d 65 (Tex. App.—Austin 2007), concluding that both were distinguishable.[8] *Palmer*, 2015 Tex. App. LEXIS 6572, at *6-9.

The court of appeals' decision merits review. The particular facts of this case parallel the second ground for review granted but left unaddressed by this Court in *Blankenship* in 2004.[9] In *Blakenship*, like this case, when the appellee urged the court of appeals to dismiss for lack of jurisdiction, the State filed a response with an accompanying affidavit from the elected county attorney, which stated that he had consented to and authorized the appeal within the time for filing the appeal. 146 S.W.3d at 219. Arguing in the alternative to its reliance on a timely and properly

---

[8] In *White*, the Austin Court of Appeals relied, in part, on the district attorney's affidavit, filed after the appellate deadline, that provided the date he had filed the notice of appeal. 261 S.W.3d at 67.

[9] Instead, this Court relied on the State's timely signed amended notice when holding that the court of appeals' jurisdiction had been properly invoked. *Blankenship*, 146 S.W.3d at 220. Even though the notice was signed by an assistant county attorney, it included a "written express personal authorization by the County Attorney of this specific notice of appeal in this particular case." *Id.*

signed amended notice, the State submitted the following ground for review: "The Court of Appeals erred in holding, in effect, that the State's notice of appeal requires the personal signature of the 'prosecuting attorney.'" *Id*. at 219 n.3. This Court should decide whether a State's notice of appeal that is signed by an assistant district attorney deprives an appellate court of jurisdiction when the district attorney later explains in an affidavit, filed after the appellate timetable expired, that he had authorized the "making of the appeal" when it was filed. There is no precedent from this Court addressing this situation, and the Forth Worth Court's application of related precedent is incorrect.

In *Muller*, the first assistant district attorney signed the notice of appeal. 829 S.W.2d at 806. Over eight months later, the court of appeals granted the State leave to file an amended notice of appeal signed by the district attorney. *Id*. at 806-07. The court of appeals held that the amended notice cured any defect in the original notice. *Id*. at 807.

This Court reversed, holding that Article 44.01(d) plainly states that only the "prosecuting attorney" may "make an appeal" under subsection (a). *Id*. at 810. "Make an appeal" requires the prosecuting attorney "to personally supervise and authorize the appeals to be undertaken by his office on behalf of the State." *Id*. Thus, "to comply with the statute, he must either physically sign the notice of appeal or

6

personally instruct and authorize a subordinate to sign the specific notice of appeal in question." *Id.* A statement that the appeal is taken "'by and through the prosecuting attorney'" is insufficient to prove that the prosecuting attorney has "performed the safeguard function."[10] *Id.* at 811. And the authorization must occur before the time for filing the notice expires. *Id.* at 810. This Court then held that the State's first notice of appeal was defective because the elected district attorney did not authorize it within the time required. *Id.* at 811. Considering the late amended notice, this Court determined that, because Article 44.01(d) limits the State's substantive right to appeal, it could not be cured by correction or amendment. *Id.* at 812-13. Therefore, the court of appeals had no jurisdiction to consider the State's appeal. *Id.* at 813.

Contrary to the Fort Worth Court of Appeals, correction or cure *via* amendment,[11] ratification,[12] and retroactivity[13] are inapplicable principles. All pertain

---

[10] Nor is a district attorney's signature stamp, coupled with the "live" signature of an assistant district attorney, adequate. *State v. Shelton*, 830 S.W.2d 605, 606 (Tex. Crim. App. 1992).

[11] "Amendment" means "[t]o change or modify for the better. To alter by modification, deletion, or addition." BLACK'S LAW DICTIONARY 74 (5th ed. 1979). One appellate court justice has observed that an amended document replaces the original. *Leal v. State*, __ S.W.3d __, No. 14-13-00208-CR, 2015 Tex. App. LEXIS 6460 (Tex. App.—Houston [14th] 2015) (op. on remand) (Frost, J., concurring).

[12] "Ratify" means "[t]o approve and sanction; to make valid; to confirm; to give sanction to." BLACK'S LAW DICTIONARY 1135 (5th ed. 1979). This Court has recognized that ratification involves reaffirming an interpretation at a point later in

7

to subsequent, post-notice effective action. But such action is not at issue here. The notice of appeal was proper at the time it was filed because the district attorney's authorization for filing was operative at that time. Therefore, no subsequent action was needed. The affidavit merely memorialized the prior, timely authorization.[14] The circumstances here are in accord with the dictates of *Muller*. *Muller* indicated that there is no requirement that the authorization appear on the face of the notice, just that the appellate record clearly reflect its existence.[15]

> Whenever a question is legitimately raised concerning the prosecuting attorneys personal authorization of a State's appeal, the State bears the burden of proving that the appeal in question was personally, expressly and specifically authorized by the prosecuting attorney. Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the specific notice of appeal filed in a given case. Without a signature or other written expressed authorization, as reflected in the appellate record, there would be no guarantee that the only person permitted by statute to make an appeal on behalf of the State actually

---

time. *See State v. Colyandro*, 233 S.W.3d 870, 878-85 (Tex. Crim. App. 2007).

[13] "Retroactive" means "[r]etrospective," which means "[l]ooking backwards; contemplating what is past; having reference to a state of things existing before the act in question." BLACK'S LAW DICTIONARY 1184 (5th ed. 1979).

[14] *See, e.g., Coffey v. State*, 979 S.W.2d 326, 328-29 (Tex. Crim. App 1998) (written judgment is intended to be a memorialization of oral pronouncement of sentence); *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) ("A judgment nunc pro tunc . . . literally means 'now for then' . . . .").

[15] *See also White*, 261 S.W.3d at 68 ("neither the statute nor any opinion of which we are aware establishes a time limit for the State to prove that the prosecuting attorney did in fact properly authorize the appeal.").

8

> participated in the process. Evidence of a general delegation of authority to an assistant does not qualify under the statute.

*Muller*, 829 S.W.2d at 810 n.6.

The existence of the Wise County District Attorney's authorization was established by affidavit. And because the notice of appeal was authorized, it was made by the district attorney and thus invoked the court of appeals' jurisdiction at that time.

*Boseman* is inapposite because the county attorney had not authorized the assistant country attorney to act on his behalf or appeal when the notice was filed. There, the county attorney filed an untimely affidavit in response to Boseman's motion to dismiss, purporting to deputize the assistant county attorney to prosecute the appeal and stating that he ratified and approved of the notice of appeal. 830 S.W.3d at 589. This Court held that the State lost its right to appeal when the "window of opportunity closed without the county attorney's personal and express authorization of this specific notice of appeal." *Id*. at 591.

*Riewe* is also not on point. In that case, the State failed to certify in its notice that the appeal was not for delay and that the evidence was of substantial importance

9

to the case.[16]  13 S.W.3d at 409.  After filing its brief, the State amended its notice with the certifications.  *Id*.  This Court held that amended notice could not retroactively invoke the court of appeals' jurisdiction.  *Id*. at 412.  In this case, unlike the absent certifications, the authorization here did in fact exist at the time the notice was filed.

Nothing in this Court's precedent requires that the existence of the district attorney's authorization to appeal appear on the notice itself.  The district attorney's sworn statement that he authorized the assistant district attorney to perfect an appeal in this case proves compliance with Article 44.01 at the time the notice was filed.  The court of appeals erred to dismiss for want of jurisdiction.

---

[16] Last year in *State v. Redus*, the Court unanimously reaffirmed its decision in *Riewe* that the State's notice must contain the certification statements to invoke the appellate court's jurisdiction.  445 S.W.3d 151, 156 (Tex. Crim. App. 2014).  The Court went on to hold that the district attorney's citation to the statute requiring the certification does not satisfy the substantive voucher requirements for the certification statements.  *Id*. at 157.

## PRAYER

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant this Petition for Discretionary Review and reverse the decision of the court of appeals dismissing the State's appeal.

Respectfully submitted,

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney
Bar I.D. No. 24031632

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512-463-1660 (Telephone)
512-463-5724 (Fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this document contains 2,112 words, exclusive of the items excepted by TEX. R. APP. P. 9.4(i)(1).

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the State's Petition for Discretionary

Review has been served on July 15, 2015, via certified electronic service provider to:

Hon. Patrick D. Berry
101 North Trinity
Suite 200
Decatur, Texas 76234
patrick.berry@co.wise.tx.us

Hon. Barry Green
101 West Main
Decatur, Texas 76234
barry@barrysgreen.com

/s/ STACEY M. GOLDSTEIN
Assistant State Prosecuting Attorney

# APPENDIX A



THE STATE OF TEXAS, STATE v. ZACHARY PALMER, APPELLEE

NO. 02-14-00175-CR

COURT OF APPEALS OF TEXAS, SECOND DISTRICT, FORT WORTH

*2015 Tex. App. LEXIS 6572*

June 25, 2015, Delivered
June 25, 2015, Opinion Filed

**NOTICE:** PUBLISH

**PRIOR HISTORY:** [*1] FROM THE 271ST DISTRICT COURT OF WISE COUNTY. TRIAL COURT NO. CR17314. TRIAL COURT JUDGE: HON. JOHN H. FOSTEL.

**COUNSEL:** FOR STATE: GREG PRESTON LOWERY, DISTRICT ATTORNEY FOR WISE COUNTY, DECATUR, TEXAS.

FOR APPELLEE: BARRY GREEN, SMITH & GREEN, P.C., DECATUR, TEXAS.

**JUDGES:** PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

**OPINION BY:** ANNE GARDNER

**OPINION**

The State is attempting to appeal the trial court's order granting Zachary Palmer's motion to suppress. In one cross-point, Palmer asserts this court lacks jurisdiction over the State's appeal. We agree, sustain Palmer's cross-point, and dismiss the State's appeal for want of jurisdiction.

**The Jurisdictional Statute**

*Article 44.01(a)(5) of the Texas Code of Criminal Procedure* authorizes the State to appeal the granting of a motion to suppress evidence. *Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)* (West Supp. 2014). "The prosecuting attorney may not make an appeal under . . . this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." *Id. art. 44.01(d)*. "In this article, 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." *Id. art. 44.01(i)*.

**Background [*2]**

The trial court signed the order granting Palmer's motion to suppress on April 1, 2014. The State, therefore, had until April 21, 2014, to perfect its appeal. *Id. art. 44.01(d)*.

The State filed a notice of appeal on April 7, 2014. This document stated that it was brought "by and through the Assistant District District [sic] Attorney," and the "undersigned

prosecuting attorney" is identified as the assistant district attorney. The assistant district attorney signed the notice of appeal. The district attorney's name does not appear anywhere on the document. The April 21, 2014 deadline to perfect the appeal thereafter expired without the State filing any additional documents.

Two weeks after the expiration of the deadline, on May 5, 2014, the State filed an amended notice of appeal. This document was brought "by and through the District Attorney," and the "undersigned prosecuting attorney" is identified as the district attorney. The district attorney signed the amended notice of appeal.

Thereafter, in our court, Palmer filed a motion to dismiss on May 13, 2014. Palmer argued that the April 7, 2014 notice of appeal was defective because it was signed and authorized not by the district attorney but only **[*3]** by an assistant district attorney in violation of *article 44.01(i)* and that the May 5, 2014 amended notice of appeal was late and in violation of *article 44.01(d)*. The State filed a response on May 13, 2014, as well, and, along with it, an affidavit by the district attorney in which he stated he authorized the assistant district attorney to file the original notice of appeal on April 7, 2014. In a per curiam order, we denied the motion to dismiss on May 14, 2014.

Undaunted, Palmer filed a motion for rehearing on May 16, 2014. He argued the May 13, 2014 affidavit did not cure the jurisdictional defect. The State filed a response on May 20, 2014, and on May 28, 2014, in another per curiam order, we granted the motion for rehearing but again denied Palmer's motion to dismiss.

**Discussion**

In Palmer's brief, he raises one cross-point in which he again assails this court's jurisdiction. He contends that the assistant district attorney's April 7, 2014 notice of appeal was ineffective under *article 44.01(i)* and that the district attorney's attempts to perfect the appeal after the expiration of the twenty-day

deadline were ineffective under *article 44.01(d)*.

The State did not file a brief responding to Palmer's cross-point. However, we have the benefit of the **[*4]** State's responses to Palmer's motion to dismiss and to Palmer's motion for rehearing. In both of the State's responses, it stated correctly that the prosecuting attorney, as defined in *article 44.01(i) of the Texas Code of Criminal Procedure,* had to physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal in question. *See State v. Muller, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992)*. The State then asserted, "While the instruction and authorization must occur prior to the expiration of the filing deadline, case law demonstrates that proof of the authorization, [sic] may come in the form of a subsequently filed affidavit to prove the appellate court was empowered with jurisdiction by the original Notice of Appeal." The State then cited two cases: *State v. White, 261 S.W.3d 65, 67-68 (Tex. App.--Austin 2007, no pet.)*, and *State v. Blankenship, 146 S.W.3d 218, 219 (Tex. Crim. App. 2004)*.

Upon further review, we hold that the April 7, 2014 notice of appeal signed by the assistant district attorney is defective. In *Muller*, the Texas Court of Criminal Appeals wrote:

> Because it would have been difficult for the Legislature to have more clearly excluded assistant prosecutors from its definition of 'prosecuting attorney,' we interpret section (i) to mean what it plainly states on its face: a 'prosecuting attorney,' as used in *Article 44.01*, does not include under any circumstance an assistant **[*5]** prosecutor or other subordinate.

*Muller, 829 S.W.2d at 809*. The April 7, 2014 notice of appeal was defective and, therefore, ineffective to perfect the appeal because there is nothing showing the district attorney authorized making the appeal. *Id. at 812*.

We further hold that the May 5, 2014 amended notice of appeal was similarly ineffective for two reasons. First, the State filed it after the expiration of the twenty-day deadline. *See Tex. Code Crim. Proc. Ann. art. 44.01(d)*. Second, noncompliance is not susceptible to correction through application of the amendment-and-cure provisions of the Texas Rules of Appellate Procedure. *Muller, 829 S.W.2d at 812*.

This leaves the State with the district attorney's affidavit, filed in this court on May 13, 2014, in which he states he authorized the assistant district attorney to file the original notice of appeal on April 7, 2014. For the reasons given below, we hold it is ineffective to perfect the appeal.

Substantively, we see no difference between the district attorney's affidavit and the amended notice of appeal filed in *Muller* after the expiration of the deadline. *See Muller, 829 S.W.2d at 812-13*. As noted earlier, noncompliance is not susceptible to correction through application of the amendment-and-cure provisions of the Texas Rules of Appellate Procedure. *Id. at 812*. Ratification **[*6]** by the prosecuting attorney after the expiration of the deadline is ineffective. *State v. Boseman, 830 S.W.2d 588, 589-90 (Tex. Crim. App. 1992)*. "[T]he State lost the opportunity to appeal when the fifteen[-]day window of opportunity closed without the county attorney's personal and express authorization of this specific notice of appeal." *Id. at 590*.[1] Jurisdiction cannot be retroactively obtained. *State v. Riewe, 13 S.W.3d 408, 412 (Tex. Crim. App. 2000)*.[2] Once jurisdiction is lost, the courts of appeals lack the power to invoke any rule to thereafter obtain jurisdiction. *Id. at 413*.

1    The statute was amended in 2007 to extend the deadline from fifteen days to twenty days. Act of May 28, 2007, 80th Leg., R.S., ch. 1038, § 2, 2007 Tex. Gen. Laws 3592 (amended 2007) (current version at *Tex. Code Crim. Proc. Ann. art. 44.01(d)*).

2    The Texas Court of Appeals later stated that the portion of *Riewe* that asserted a defendant could not use *rule 25.2(d) of the Texas Rules of Appellate Procedure* to cure a jurisdictional defect in a notice of appeal was dicta and declined to rely on it. *See Bayless v. State, 91 S.W.3d 801, 805 n.8 (Tex. Crim. App. 2002)*.

Regarding the two cases the State relied on in its responses, *White* and *Blankenship*, we hold that they are distinguishable. We address *Blankenship* first.

In *Blankenship*, the State timely filed the original notice of appeal and its amended notice of appeal on the same date. *State v. Blankenship, 123 S.W.3d 99, 104 n.5 (Tex. App.--Austin 2003)*, rev'd, *146 S.W.3d 218 (Tex. Crim. App. 2004)*. The court of appeals did not question the timeliness of the original **[*7]** and amended notices of appeal. *Id. at 105*. The original notice of appeal was signed by an assistant city attorney and made no mention of the county attorney. *Id. at 104 n.5*. The amended notice of appeal, although still signed by the assistant city attorney, added one paragraph stating that the notice of appeal was with the consent of the county attorney. *Id. at 105*. After the expiration of the deadline, the State filed affidavits in which it asserted both the city and the county attorneys had authorized the appeal within the deadline. *Id. at 106*. The Austin Court of Appeals held that both the recitation in the timely-filed amended notice of appeal (that the appeal was with the consent of the county attorney) and the untimely-filed affidavits were ineffective and dismissed the appeal. *Id. at 105-06*.

In contrast, the Texas Court of Criminal Appeals, relying strictly on the recitation of the county attorney's consent in the timely-filed amended notice of appeal, held the amended notice of appeal complied with *article 44.01(d)* and reversed the court of appeals. *Blankenship, 146 S.W.3d at 220*. The Texas Court of Criminal Appeals did not rely on the untimely-filed affidavits. *Id*. The State's reliance on *Blankenship* for that proposition is, therefore, misplaced.

Moving on to **[*8]** *White*, in that case, when determining the timeliness of the filing, the court of appeals relied on an affidavit by a clerk to show the district clerk's office was closed for two days due to inclement weather. *State v. White, 248 S.W.3d 310, 312 (Tex. App.--Austin 2007, no pet.)*. The court noted *rule 4.1(b) of the Texas Rules of Appellate Procedure* expressly authorized the use of affidavits when determining the timeliness of filings. *Id.* (citing *Tex. R. App. P. 4.1(b)*). As shown in a subsequent opinion by the court in the same case, the court drew a distinction between the *making* of an appeal under *article 44.01(d)* and the *filing* of the notice of appeal.

The deadline for filing the notice of appeal in *White* was January 15, 2007, but due to a holiday and two days of inclement weather, the deadline for filing was extended until January 18, 2007, by virtue of *rule 4.1 of the Texas Rules of Appellate Procedure*, and the State thus successfully filed its notice of appeal timely on January 18, 2007. *White, 261 S.W.3d at 66*. The problem, however, was not the timeliness of the *filing* of the notice of appeal but the timeliness of the *making* of the appeal under *article 44.01(d)*.

The district attorney signed the notice of appeal but did not date his signature. *Id. at 67*. Although *rule 4.1* extended the time to *file* the notice of appeal, the court held that *rule 4.1* did not extend the time during which the prosecuting attorney had to *make* the appeal under *article 44.01(d)*; consequently, **[*9]** the court of appeals abated the appeal and remanded the matter to the trial court to determine whether the district attorney had signed the notice of appeal, that is, *made* the appeal as contemplated under *article 44.01(d)*, by January 15, 2007. *Id.* "The district attorney filed an affidavit in the district court stating that he signed the State's notice of appeal on January 10, 2007, and after a brief hearing, the district court so found." *Id.* The Austin Court of Appeals asserted jurisdiction and went on to affirm the trial court's order on the merits dismissing the State's indictment. *State v. White, No. 03-07-00041-CR, 2008 Tex. App.*

*LEXIS 9492, 2008 WL 5264735, at *1 (Tex. App.--Austin Dec. 18, 2008), rev'd, 306 S.W.3d 753 (Tex. Crim. App. 2010)*.

When the case went up to the Texas Court of Criminal Appeals, that court never questioned jurisdiction. *State v. White, 306 S.W.3d 753, 754-60 (Tex. Crim. App. 2010)*. Courts may *sua sponte* address jurisdictional issues because subject matter jurisdiction cannot be conferred by agreement of the parties. *State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), overruled on other grounds by State v. Medrano, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002)* (overruling requirement that defendant must allege evidence was illegally obtained before the State could take an appeal under *article 44.01(a)(5)* contesting the granting of a motion to suppress). Consequently, if the Austin Court of Appeals had incorrectly asserted jurisdiction, we would expect the Texas Court of Criminal **[*10]** Appeals to have addressed that issue. We conclude, therefore, that, at least under some circumstances, the State may use an affidavit filed after the deadline to prove its assertion that it properly made the appeal in compliance with *article 44.01(d)*.

We nevertheless hold *White* is distinguishable. First, the court in *White* expressly stated that the State's notice of appeal was not defective on its face because neither *article 44.01* nor earlier case law required the prosecuting attorney to indicate the date on which he signed the notice of appeal. *White, 261 S.W.3d at 67*. In contrast, the notice of appeal in the present case is defective on its face because it is signed by an assistant district attorney and makes no reference to the prosecuting attorney having authorized the appeal. *See Muller, 829 S.W.2d at 812*. A defective notice of appeal is "not susceptible to correction through application of the 'amendment and cure' provisions of the Texas Rules of Appellate Procedure." *See id. Article 44.01* itself provides no "amendment and cure" provision. *Tex. Code Crim. Proc. art. 44.01*.

Second, in *Muller*, the Texas Court of Criminal Appeals wrote:

Whenever a question is legitimately raised concerning the prosecuting attorney's personal authorization of a State's appeal, the State bears the burden of proving that **[*11]** the appeal in question was personally, expressly and specifically authorized by the prosecuting attorney. Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the *specific* notice of appeal filed in a given case. Without a signature or other written expressed authorization, as reflected in the appellate record, there would be no guarantee that the only person permitted by statute to make an appeal on behalf of the State actually participated in the process. Evidence of a general delegation of authority to an assistant does not qualify under the statute.

*Muller, 829 S.W.2d at 810 n.6*. In *White* the district attorney signed the notice of appeal, and the State filed the notice of appeal timely. *White, 261 S.W.3d at 66-67*. The ambiguity-- the "legitimately raised" concern--was whether the district attorney made the appeal within the *article 44.01(d)* deadline, which, unlike the filing requirements, could not be extended. *White* had a "legitimately raised" concern that

could be clarified with an affidavit after the expiration of the *article 44.01(d)* deadline. In the present case, there is no "legitimately raised" concern in the April 7, 2014 notice of appeal. It is defective on its face. *See Muller, 829 S.W.2d at 812*. Nothing in that document hints in the least **[*12]** that the district attorney authorized this specific appeal. If there is no compliance within the twenty-day window, the window is thereafter closed. *See Boseman, 830 S.W.2d at 590-91*; *Muller, 829 S.W.2d at 813*. At the expiration of the twenty-day deadline, the State had only a defective notice of appeal on file, which perfected nothing. *See State v. Shelton, 830 S.W.2d 605, 606 (Tex. Crim. App. 1992)* (holding signature stamp of county attorney authorizing the appeal was ineffective to vest court of appeals with jurisdiction).

**Conclusion**

We sustain Palmer's cross-point and dismiss the State's appeal for want of jurisdiction.

/s/ Anne Gardner

ANNE GARDNER

JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

PUBLISH

DELIVERED: June 25, 2015

# APPENDIX B

ACCEPTED
02-14-00175-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
5/20/2014 10:37:28 AM
DEBRA SPISAK
CLERK

## CAUSE NUMBER 02-14-00175-CR

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
5/20/2014 10:37:28 AM
DEBRA SPISAK
Clerk

## IN THE COURT OF APPEALS
## FOR THE SECOND DISTRICT OF TEXAS
## FORT WORTH, TEXAS

## THE STATE OF TEXAS
### vs.
## ZACHARY DAVIS PALMER

On State's Appeal from Court's Ruling on
Motion to Suppress in Cause Number CR17314
in the 271st Judicial District Court of Wise County, Texas,
Honorable John Fostel, Presiding

## STATE'S RESPONSE TO APPELLEE'S
## MOTION FOR REHEARING OF MOTION
## TO DISMISS STATE'S APPEAL

TO THE HONORABLE JUSTICES OF SAID COURT:

Comes now the State of Texas, by and through her elected District Attorney,

Greg Lowery, and files this Response to Appellee's Motion For Rehearing of

Motion to Dismiss State's Appeal and requests this Court deny said motion in the

above entitled and numbered cause and in support of same would show the Court

the following:

1

I.

The trial court signed an order granting a motion to suppress in this cause on April, 1st, 2014. The State filed a Notice of Appeal on April 7, 2014, at the direction of and with the full authorization of the elected District Attorney, Greg Lowery, certifying that jeopardy had not attached in the case; the appeal was not taken for the purpose of delay; and the evidence, confession, or admission suppressed by this Court's ruling was of substantial importance in the case.

II.

A sworn affidavit from elected District Attorney, Greg Lowery, has been filed with this Court as an attachment to the State's Response to Appellee's Motion to Dismiss State's Appeal. The affidavit does not confer jurisdiction on this honorable Court, but rather shows that while the original Notice of Appeal was signed and filed by Assistant District Attorney, Patrick Berry, it was filed at the direction of and with the full authorization of the elected District Attorney, Greg Lowery who has the primary responsibility of prosecuting cases in the 271st Judicial District Court in Wise County, Texas.

III.

As required by Code of Criminal Procedure Article 44.01(d) and Texas Rule

2

of Appellate Procedure 26.2(b), a notice of appeal was filed within 20 days of the Court entering its written order, thus conferring jurisdiction on this honorable Court.

## IV.

According to the Court of Criminal Appeals, Article 44.01 does not necessarily require that the State's Notice of Appeal, in all cases, reflect the personal signature of the prosecuting attorney. *State v. Muller*, 829 S.W.3d 805, 810 (Tex. Crim. App. 1992). Rather the prosecuting attorney, as defined in Article 44.01(i), must either physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal in question. (Emphasis in original). *Id.* While the instruction and authorization must occur prior to the expiration of the filing deadline, case law demonstrates that proof of the authorization, may come in the form of a subsequently filed affidavit to prove the appellate court was empowered with jurisdiction by the original Notice of Appeal. See *State v. White*, 261 S.W.3d 65, 67-68 (Tex. App.–Austin 2007); *State v. Blankenship*, 146 S.W.3d 218, 219 (Tex. Crim. App. 2004).

## V.

If this honorable Court were to find, as Appellee contends, that the affidavit is not sufficient proof of the authorization of the elected District Attorney of the

3

original Notice of Appeal, the proper response would not be to dismiss the appeal. Rather, the proper response would be to temporarily abate the appeal and instruct the trial court to conduct a hearing on the record to determine if the original Notice of Appeal was, in fact, authorized by the elected District Attorney.

## VI.

WHEREFORE, PREMISES CONSIDERED, the State of Texas requests that this honorable Court deny Appellee's Motion for Rehearing of Motion to Dismiss State's Appeal.

Respectfully submitted,

/s/ Greg Lowery

Greg Lowery
District Attorney
Wise County, Texas
101 North Trinity
Suite 200
Decatur, Texas 76234
(940) 627-6404
FAX (940) 627-6404
State Bar No. 00787926

4

## CERTIFICATE OF SERVICE

A true copy of the State's Response to Appellee's Motion for Rehearing of Motion to Dismiss State's Appeal has been sent by regular mail to counsel for Defendant, Barry Green, P.O. Box 1834, Decatur, Texas 76234, and by fax to 817-796-1571, on this, the 13th day of May, 2014.

/s/ Greg Lowery

Greg Lowery
District Attorney