**The STATE of Texas, Appellant,**

v.

**Chester Forrester SHELTON, Appellee.**

**No. 246–91.**

Court of Criminal Appeals of Texas,
En Banc.

May 13, 1992.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Robert Huttash, State's Atty., Austin, for the State.

Roy E. Greenwood, Austin, for appellee.

OPINION ON APPELLEE'S MOTION TO REMAND TO THE COURT OF APPEALS AND PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellee was charged by information with the offense of driving and operating a motor vehicle in a public place while intoxicated. Tex.Rev.Civ.Stat. art. 6701*l*–1(b) and (f). Appellee filed a pretrial motion for a hearing on his request for discovery of an "unidentified eyewitness."[1] After hearings on the motion, the trial judge entered an order compelling the State to disclose to defense counsel the name of the unidentified civilian witness who rode with the arresting officer. Upon the State's failure to comply with this order, the trial judge dismissed the prosecution. On direct appeal by the State, the court of appeals set aside the order dismissing the prosecution and remanded the cause to the county court at law for trial. *State v. Shelton,* 802 S.W.2d 80 (Tex.App.—Austin 1990). This Court granted the appellee's petition for discretionary review on three grounds.

Appellee has since filed with this Court a "Jurisdictional Inquiry and Motion to Re-

---

1. Appellee alleged in his motion that a civilian passenger was in the arresting officer's patrol vehicle, and that this passenger witnessed appel-lee's arrest, his transportation to the city jail, and his subsequent interrogation at the jail.

mand to Court of Appeals for Dismissal of State's Appeal." In his motion, appellee contends the court of appeals was without jurisdiction to accept the State's appeal in this case because the State failed to properly perfect its notice of appeal. Appellee relies on two recent decisions of this Court, to-wit: *State v. Muller*, 829 S.W.2d 805 (Tex.Crim.App.1992), and *Boseman v. State*, 830 S.W.2d 588 (Tex.Crim.App. 1992). The State has filed a response.

In *Muller*, this Court held that Art. 44.-01, V.A.C.C.P., which governs the State's right to appeal, requires the elected "prosecuting attorney" (and not his assistant) to make the State's notice of appeal within the prescribed fifteen-day time period. *Id.*, 829 S.W.2d at p. 812. The prosecuting attorney "makes" the notice of appeal "either through the physical act of signing the notice or by personally and expressly authorizing an assistant to file a specific notice of appeal on his behalf." [2] *Id.*, 829 S.W.2d at p. 812. As to what constitutes the prosecuting attorney's personal authorization of a State's appeal, we determined that:

> [w]henever a question is legitimately raised concerning the prosecuting attorney's personal authorization of a State's appeal, the State bears the burden of proving that the appeal in question was personally, expressly and specifically authorized by the prosecuting attorney. Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the *specific* notice of appeal filed in a given case. Without a signature or other written expressed authorization, as reflected in the appellate record, there would be no guarantee that the only person permitted by statute to make an appeal on behalf of the State actually participated in the process. Evidence of a general delegation of authority to an assistant does not qualify under the statute.

*Muller*, 829 S.W.2d at p. 810, n. 6 (emphasis in original). Unless the notice of appeal

is "made" by the prosecuting attorney and filed within the fifteen day period, the appellate court never retains jurisdiction over the case. *Boseman*, 830 S.W.2d at p. 591.

In the present cause, the record reflects that the trial court's order of dismissal was entered on December 5, 1989, and that the State's notice of appeal was filed on December 19, 1989, thus complying with the fifteen day filing period. The notice of appeal reflects two signatures: the personal signature of an assistant county attorney, and the facsimile signature of the Travis County Attorney, the Honorable Ken Oden, via a "signature stamp."

Appellee argues that neither the notice of appeal nor the certificate of service contains a personal authorization by the Travis County Attorney for the specific filing of *this* notice of appeal, and that "the use of the 'signature stamp' is ineffective to show *personal* authorization for such an appeal." The State responds that the use of the two signatures (stamped and "live") on the State's notice of appeal is "sufficient to raise the presumption that the signature stamp was properly used, i.e., that the County Attorney personally authorized the affixing of a facsimile of his signature to the State's notice of appeal in this cause."

We conclude that, in light of the record before us, the State has failed in its burden of proving that this appeal was personally, expressly, and specifically authorized by *the* prosecuting attorney. In our view, the use of the signature stamp, without more, does not comply with the legislatively mandated "guarantee that the only person permitted by statute to make an appeal on behalf of the State actually participated in the process." *Muller*, 829 S.W.2d at p. 810, n. 6. Thus, we hold the State's notice of appeal was defective and, consequently, the court of appeals was without jurisdiction of this cause. *Boseman, supra.*

Accordingly, the judgment of the court of appeals is vacated, and this cause is remanded to that court with instructions to

---

**2.** Because the definition of "prosecuting attorney" as defined in Art. 44.01(i) specifically excluded an "assistant prosecuting attorney," this

Court held that the general authority to make an appeal could not be delegated to an assistant. See *Boseman*, 830 S.W.2d at p. 591.

dismiss the State's appeal. Appellee's petition for discretionary review is dismissed as improvidently granted.

WHITE and OVERSTREET, JJ., concur in the result.

McCORMICK, P.J., dissents.