# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00041-CR

**The State of Texas, Appellant**

**v.**

**Jimmie Dale White, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 1030299, HONORABLE JON N. WISSER, JUDGE PRESIDING

## O P I N I O N

The State appeals the district court's dismissal of the indictment in this cause. Appellee Jimmie Dale White moved to dismiss the State's appeal on the ground that its notice of appeal was inadequate to invoke the Court's jurisdiction. The Court overruled White's motion without written order on July 23, 2007, and he filed a motion for rehearing. On August 31, 2007, we abated the appeal and instructed the district court to make a finding of fact regarding the date the State's notice of appeal was "made"—i.e., signed—by the district attorney. *State v. White*, No. 03-07-00041-CR, ___ S.W.3d ___, 2007 Tex. App. LEXIS 7245, at *9 (Tex. App.—Austin Aug. 31, 2007, no pet.). Because there is no defect on the face of the State's notice of appeal, and because the record establishes that the State's appeal was both timely

made and timely filed, we overrule White's motion for rehearing and reaffirm our order overruling his motion to dismiss the appeal.

The statute giving the State a right of appeal provides that the elected prosecuting attorney must make the appeal no later than fifteen days after the date the order, ruling, or sentence to be appealed was entered. Tex. Code Crim. Proc. Ann. art. 44.01(d), (i) (West 2006). To make an appeal on behalf of the State, the prosecuting attorney must, within the prescribed fifteen days, either physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the notice of appeal. *State v. Muller*, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992). The State's notice of appeal must also be filed within the fifteen-day period. Tex. R. App. P. 26.2(b). The time limit for making and filing the State's notice of appeal cannot be extended by the appellate court. *Muller*, 829 S.W.2d at 812-13 (citing *State v. Demaret*, 764 S.W.2d 857, 858 (Tex. App.—Austin 1989, no pet.)).

The district court's dismissal order was signed and entered on December 31, 2006. Thus, the deadline for the State to perfect its appeal was January 15, 2007. The State's notice of appeal was filed on January 18, 2007. Attached to the notice was the certificate of an assistant district attorney stating that the clerk's office had been closed on January 15 in observance of Martin Luther King Day and on January 16 and 17 due to inclement weather. *See* Tex. R. App. P. 4.1. In our August 31 opinion, we held that the State's notice of appeal was timely filed, overruling all of White's arguments to the contrary. We need not further discuss that issue in this opinion.

The State's notice of appeal was signed by the Travis County District Attorney, thus satisfying the requirement that the appeal be made by the elected prosecuting attorney. The district

2

attorney's signature was not dated, however. Because rule 4.1(b) applies only when computing filing deadlines, the two days on which the district clerk's office was closed due to inclement weather could not be disregarded in calculating the deadline for the prosecuting attorney to make the appeal. Tex. R. App. P. 4.1(b) ("If the act to be done is *filing a document . . .*") (emphasis added).[1] Thus, under the circumstances, we found that it was impossible to determine whether the district attorney had signed the notice of appeal before or after the expiration of the statutory fifteen-day period. Therefore, we abated the appeal and instructed the district court to determine when the district attorney signed the notice of appeal. *See Muller*, 829 S.W.2d at 810 n.6 (stating that when question is raised, State bears burden of proving proper authorization of appeal). The district attorney filed an affidavit in the district court stating that he signed the State's notice of appeal on January 10, 2007, and after a brief hearing, the district court so found. A supplemental record containing the district attorney's affidavit and the district court's finding of fact has been filed.

White argues that it was improper for the Court to abate the appeal to supplement the record. He asserts that by doing so, the Court improperly permitted the State to amend and cure its defective notice of appeal outside the fifteen-day time limit established by statute and case law. It is White's contention that the Court may consider only the face of the State's notice of appeal when determining whether its jurisdiction has been invoked.

---

[1] Arguably, the MLK holiday could be disregarded because rule 4.1(a) applies "when computing *a period prescribed* or allowed by these rules, by court order, or *by statute*." Tex. R. App. P. 4.1(a) (emphasis added). Because the record shows that the district attorney signed the notice of appeal on the tenth calendar day, we need not decide this question.

The State's notice of appeal was not defective on its face. Neither article 44.01 nor any opinion cited by White requires that the notice of appeal reflect on its face the date on which it was signed by the prosecuting attorney. In *Muller*, the opinion on which White chiefly relies, the State's notice of appeal was not signed by the elected prosecuting attorney. 829 S.W.2d at 810. The court of criminal appeals held that the State could not cure this defect by filing a properly signed amended notice of appeal after the statutory fifteen-day time limit had expired. *Id*. at 812. But *Muller* does not hold, as White would have it, that the date of signing must appear in the notice of appeal or that it is impermissible to supplement the record to establish the date of signing. To the contrary, *Muller* states that "a prosecuting attorney who had, in fact, personally approved a notice of appeal within the fifteen day filing window [may] supplement the record with evidence or an affidavit to that effect. In such a situation, the requirement of personal approval within the requisite time period would be fulfilled and the court of appeals empowered with jurisdiction." *Id*. at 812 n.9.

In *State v. Shelton*, the State's notice of appeal was signed by an assistant county attorney and bore only the stamped facsimile signature of the elected county attorney. 830 S.W.2d 605, 606 (Tex. Crim. App. 1992). The court of criminal appeals held that the use of the signature stamp did not satisfy the statutory requirement that the elected prosecuting attorney personally authorize the State's appeal and ordered the appeal dismissed. *Id*. at 606-07. White argues that because the court did not abate the appeal for a determination as to whether it had been properly authorized, "*Shelton* can **only** be read as directly contrary to this Court's abatement and remand of August 31, 2007." We do not agree that *Shelton* compels such a reading. *Shelton* does not mention abatement and the subject apparently did not arise. We do not infer from the result

4

in *Shelton* that an abatement would have been improper or that the court intended to disavow footnote nine in *Muller*.

In *State v. Blankenship*, the court of criminal appeals held that a statement in the notice of appeal that the elected county attorney had consented to the city attorney's prosecution of the appeal was sufficient to show the county attorney's authorization of the appeal. 146 S.W.3d 218, 220 (Tex. Crim. App. 2004). Contrary to White's assertion, *Blankenship* did not hold that the county attorney's authorization had to appear in the notice of appeal, or that it would have been improper for the appellate court to consider other evidence that the appeal had been properly authorized.[2]

In arguing that the State did not perfect its appeal, White fails to recognize the distinction between compliance with article 44.01 and proof of that compliance. Unquestionably, the district attorney was required to sign the notice of appeal or otherwise personally authorize the appeal in this case within the fifteen-day period prescribed by article 44.01. If he had failed to do so, the failure could not have been cured by amending the notice of appeal after the fifteen-day time limit expired. *Muller*, 829 S.W.2d at 812. But neither the statute nor any opinion of which we are aware establishes a time limit for the State to prove that the prosecuting attorney did in fact properly authorize the appeal. By abating the appeal, the Court did not permit the district attorney to sign the notice of appeal after the time for doing so had expired, but merely allowed him to demonstrate that

---

[2] One of the grounds for review granted in *Blankenship* concerned whether a court of appeals may consider documents filed after the fifteen-day deadline to determine whether the appeal was authorized by the prosecuting attorney. *State v. Blankenship*, 146 S.W.3d 218, 219 n.4 (Tex. Crim. App. 2004). The court dismissed this ground without addressing it. *Id*. at 220.

he had timely signed the notice of appeal in the first place.  The district attorney's timely signature was proved by his affidavit as permitted by *Muller*.  *Id*. at 812 n.9.

The trial court found and the record confirms that the notice of appeal was signed by the district attorney within the time allowed by article 44.01.  The notice of appeal was then timely filed, as we held in our August 31 opinion.  Finding no merit to White's challenges to our jurisdiction, we overrule the motion for rehearing and reaffirm our previous order overruling White's motion to dismiss the State's appeal.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Filed:   November 2, 2007

Publish

6