

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00175-CR

THE STATE OF TEXAS                                          STATE

V.

ZACHARY PALMER                                          APPELLEE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CR17314

----------

## OPINION

----------

The State is attempting to appeal the trial court's order granting Zachary Palmer's motion to suppress. In one cross-point, Palmer asserts this court lacks jurisdiction over the State's appeal. We agree, sustain Palmer's cross-point, and dismiss the State's appeal for want of jurisdiction.

**The Jurisdictional Statute**

Article 44.01(a)(5) of the Texas Code of Criminal Procedure authorizes the State to appeal the granting of a motion to suppress evidence. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2014). "The prosecuting attorney may not make an appeal under . . . this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." *Id.* art. 44.01(d). "In this article, 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." *Id.* art. 44.01(i).

**Background**

The trial court signed the order granting Palmer's motion to suppress on April 1, 2014. The State, therefore, had until April 21, 2014, to perfect its appeal. *Id.* art. 44.01(d).

The State filed a notice of appeal on April 7, 2014. This document stated that it was brought "by and through the Assistant District District [sic] Attorney," and the "undersigned prosecuting attorney" is identified as the assistant district attorney. The assistant district attorney signed the notice of appeal. The district attorney's name does not appear anywhere on the document. The April 21, 2014 deadline to perfect the appeal thereafter expired without the State filing any additional documents.

Two weeks after the expiration of the deadline, on May 5, 2014, the State filed an amended notice of appeal. This document was brought "by and through the District Attorney," and the "undersigned prosecuting attorney" is identified as the district attorney. The district attorney signed the amended notice of appeal.

Thereafter, in our court, Palmer filed a motion to dismiss on May 13, 2014. Palmer argued that the April 7, 2014 notice of appeal was defective because it was signed and authorized not by the district attorney but only by an assistant district attorney in violation of article 44.01(i) and that the May 5, 2014 amended notice of appeal was late and in violation of article 44.01(d). The State filed a response on May 13, 2014, as well, and, along with it, an affidavit by the district attorney in which he stated he authorized the assistant district attorney to file the original notice of appeal on April 7, 2014. In a per curiam order, we denied the motion to dismiss on May 14, 2014.

Undaunted, Palmer filed a motion for rehearing on May 16, 2014. He argued the May 13, 2014 affidavit did not cure the jurisdictional defect. The State filed a response on May 20, 2014, and on May 28, 2014, in another per curiam order, we granted the motion for rehearing but again denied Palmer's motion to dismiss.

**Discussion**

In Palmer's brief, he raises one cross-point in which he again assails this court's jurisdiction. He contends that the assistant district attorney's April 7, 2014 notice of appeal was ineffective under article 44.01(i) and that the district

3

attorney's attempts to perfect the appeal after the expiration of the twenty-day deadline were ineffective under article 44.01(d).

The State did not file a brief responding to Palmer's cross-point. However, we have the benefit of the State's responses to Palmer's motion to dismiss and to Palmer's motion for rehearing. In both of the State's responses, it stated correctly that the prosecuting attorney, as defined in article 44.01(i) of the Texas Code of Criminal Procedure, had to physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal in question. *See State v. Muller*, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992). The State then asserted, "While the instruction and authorization must occur prior to the expiration of the filing deadline, case law demonstrates that proof of the authorization, [sic] may come in the form of a subsequently filed affidavit to prove the appellate court was empowered with jurisdiction by the original Notice of Appeal." The State then cited two cases: *State v. White*, 261 S.W.3d 65, 67–68 (Tex. App.—Austin 2007, no pet.), and *State v. Blankenship*, 146 S.W.3d 218, 219 (Tex. Crim. App. 2004).

Upon further review, we hold that the April 7, 2014 notice of appeal signed by the assistant district attorney is defective. In *Muller*, the Texas Court of Criminal Appeals wrote:

> Because it would have been difficult for the Legislature to have more clearly excluded assistant prosecutors from its definition of 'prosecuting attorney,' we interpret section (i) to mean what it plainly states on its face: a 'prosecuting attorney,' as used in Article 44.01,

4

does not include under any circumstance an assistant prosecutor or other subordinate.

*Muller*, 829 S.W.2d at 809.  The April 7, 2014 notice of appeal was defective and, therefore, ineffective to perfect the appeal because there is nothing showing the district attorney authorized making the appeal.  *Id.* at 812.

We further hold that the May 5, 2014 amended notice of appeal was similarly ineffective for two reasons.  First, the State filed it after the expiration of the twenty-day deadline.  *See* Tex. Code Crim. Proc. Ann. art. 44.01(d).  Second, noncompliance is not susceptible to correction through application of the amendment-and-cure provisions of the Texas Rules of Appellate Procedure. *Muller*, 829 S.W.2d at 812.

This leaves the State with the district attorney's affidavit, filed in this court on May 13, 2014, in which he states he authorized the assistant district attorney to file the original notice of appeal on April 7, 2014.  For the reasons given below, we hold it is ineffective to perfect the appeal.

Substantively, we see no difference between the district attorney's affidavit and the amended notice of appeal filed in *Muller* after the expiration of the deadline.  *See Muller*, 829 S.W.2d at 812–13.  As noted earlier, noncompliance is not susceptible to correction through application of the amendment-and-cure provisions of the Texas Rules of Appellate Procedure.  *Id.* at 812.  Ratification by the prosecuting attorney after the expiration of the deadline is ineffective.  *State v. Boseman*, 830 S.W.2d 588, 589–90 (Tex. Crim. App. 1992).  "[T]he State lost

the opportunity to appeal when the fifteen[-]day window of opportunity closed without the county attorney's personal and express authorization of this specific notice of appeal." *Id.* at 590.[1] Jurisdiction cannot be retroactively obtained. *State v. Riewe*, 13 S.W.3d 408, 412 (Tex. Crim. App. 2000).[2] Once jurisdiction is lost, the courts of appeals lack the power to invoke any rule to thereafter obtain jurisdiction. *Id.* at 413.

Regarding the two cases the State relied on in its responses, *White* and *Blankenship*, we hold that they are distinguishable. We address *Blankenship* first.

In *Blankenship*, the State timely filed the original notice of appeal and its amended notice of appeal on the same date. *State v. Blankenship*, 123 S.W.3d 99, 104 n.5 (Tex. App.—Austin 2003), *rev'd*, 146 S.W.3d 218 (Tex. Crim. App. 2004). The court of appeals did not question the timeliness of the original and amended notices of appeal. *Id.* at 105. The original notice of appeal was signed by an assistant city attorney and made no mention of the county attorney. *Id.* at 104 n.5. The amended notice of appeal, although still signed by the assistant

---

[1]The statute was amended in 2007 to extend the deadline from fifteen days to twenty days. Act of May 28, 2007, 80th Leg., R.S., ch. 1038, § 2, 2007 Tex. Gen. Laws 3592 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 44.01(d)).

[2]The Texas Court of Appeals later stated that the portion of *Riewe* that asserted a defendant could not use rule 25.2(d) of the Texas Rules of Appellate Procedure to cure a jurisdictional defect in a notice of appeal was dicta and declined to rely on it. *See Bayless v. State*, 91 S.W.3d 801, 805 n.8 (Tex. Crim. App. 2002).

6

city attorney, added one paragraph stating that the notice of appeal was with the consent of the county attorney. *Id.* at 105. After the expiration of the deadline, the State filed affidavits in which it asserted both the city and the county attorneys had authorized the appeal within the deadline. *Id.* at 106. The Austin Court of Appeals held that both the recitation in the timely-filed amended notice of appeal (that the appeal was with the consent of the county attorney) and the untimely-filed affidavits were ineffective and dismissed the appeal. *Id.* at 105–06.

In contrast, the Texas Court of Criminal Appeals, relying strictly on the recitation of the county attorney's consent in the timely-filed amended notice of appeal, held the amended notice of appeal complied with article 44.01(d) and reversed the court of appeals. *Blankenship*, 146 S.W.3d at 220. The Texas Court of Criminal Appeals did not rely on the untimely-filed affidavits. *Id.* The State's reliance on *Blankenship* for that proposition is, therefore, misplaced.

Moving on to *White*, in that case, when determining the timeliness of the filing, the court of appeals relied on an affidavit by a clerk to show the district clerk's office was closed for two days due to inclement weather. *State v. White*, 248 S.W.3d 310, 312 (Tex. App.—Austin 2007, no pet.). The court noted rule 4.1(b) of the Texas Rules of Appellate Procedure expressly authorized the use of affidavits when determining the timeliness of filings. *Id.* (citing Tex. R. App. P. 4.1(b)). As shown in a subsequent opinion by the court in the same case, the court drew a distinction between the *making* of an appeal under article 44.01(d) and the *filing* of the notice of appeal.

7

The deadline for filing the notice of appeal in *White* was January 15, 2007, but due to a holiday and two days of inclement weather, the deadline for filing was extended until January 18, 2007, by virtue of rule 4.1 of the Texas Rules of Appellate Procedure, and the State thus successfully filed its notice of appeal timely on January 18, 2007. *White*, 261 S.W.3d at 66. The problem, however, was not the timeliness of the *filing* of the notice of appeal but the timeliness of the *making* of the appeal under article 44.01(d).

The district attorney signed the notice of appeal but did not date his signature. *Id.* at 67. Although rule 4.1 extended the time to *file* the notice of appeal, the court held that rule 4.1 did not extend the time during which the prosecuting attorney had to *make* the appeal under article 44.01(d); consequently, the court of appeals abated the appeal and remanded the matter to the trial court to determine whether the district attorney had signed the notice of appeal, that is, *made* the appeal as contemplated under article 44.01(d), by January 15, 2007. *Id.* "The district attorney filed an affidavit in the district court stating that he signed the State's notice of appeal on January 10, 2007, and after a brief hearing, the district court so found." *Id.* The Austin Court of Appeals asserted jurisdiction and went on to affirm the trial court's order on the merits dismissing the State's indictment. *State v. White*, No. 03-07-00041-CR, 2008 WL 5264735, at *1 (Tex. App.—Austin Dec. 18, 2008), *rev'd*, 306 S.W.3d 753 (Tex. Crim. App. 2010).

8

When the case went up to the Texas Court of Criminal Appeals, that court never questioned jurisdiction. *State v. White*, 306 S.W.3d 753, 754–60 (Tex. Crim. App. 2010). Courts may *sua sponte* address jurisdictional issues because subject matter jurisdiction cannot be conferred by agreement of the parties. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002) (overruling requirement that defendant must allege evidence was illegally obtained before the State could take an appeal under article 44.01(a)(5) contesting the granting of a motion to suppress). Consequently, if the Austin Court of Appeals had incorrectly asserted jurisdiction, we would expect the Texas Court of Criminal Appeals to have addressed that issue. We conclude, therefore, that, at least under some circumstances, the State may use an affidavit filed after the deadline to prove its assertion that it properly made the appeal in compliance with article 44.01(d).

We nevertheless hold *White* is distinguishable. First, the court in *White* expressly stated that the State's notice of appeal was not defective on its face because neither article 44.01 nor earlier case law required the prosecuting attorney to indicate the date on which he signed the notice of appeal. *White*, 261 S.W.3d at 67. In contrast, the notice of appeal in the present case is defective on its face because it is signed by an assistant district attorney and makes no reference to the prosecuting attorney having authorized the appeal. *See Muller*, 829 S.W.2d at 812. A defective notice of appeal is "not susceptible to correction

9

through application of the 'amendment and cure' provisions of the Texas Rules of Appellate Procedure." *See id.* Article 44.01 itself provides no "amendment and cure" provision. Tex. Code Crim. Proc. art. 44.01.

Second, in *Muller*, the Texas Court of Criminal Appeals wrote:

> Whenever a question is legitimately raised concerning the prosecuting attorney's personal authorization of a State's appeal, the State bears the burden of proving that the appeal in question was personally, expressly and specifically authorized by the prosecuting attorney. Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the *specific* notice of appeal filed in a given case. Without a signature or other written expressed authorization, as reflected in the appellate record, there would be no guarantee that the only person permitted by statute to make an appeal on behalf of the State actually participated in the process. Evidence of a general delegation of authority to an assistant does not qualify under the statute.

*Muller*, 829 S.W.2d at 810 n.6. In *White* the district attorney signed the notice of appeal, and the State filed the notice of appeal timely. *White*, 261 S.W.3d at 66–67. The ambiguity—the "legitimately raised" concern—was whether the district attorney made the appeal within the article 44.01(d) deadline, which, unlike the filing requirements, could not be extended. *White* had a "legitimately raised" concern that could be clarified with an affidavit after the expiration of the article 44.01(d) deadline. In the present case, there is no "legitimately raised" concern in the April 7, 2014 notice of appeal. It is defective on its face. *See Muller*, 829 S.W.2d at 812. Nothing in that document hints in the least that the district attorney authorized this specific appeal. If there is no compliance within the twenty-day window, the window is thereafter closed. *See Boseman*, 830 S.W.2d

at 590–91; *Muller*, 829 S.W.2d at 813.  At the expiration of the twenty-day deadline, the State had only a defective notice of appeal on file, which perfected nothing.  *See State v. Shelton*, 830 S.W.2d 605, 606 (Tex. Crim. App. 1992) (holding signature stamp of county attorney authorizing the appeal was ineffective to vest court of appeals with jurisdiction).

## Conclusion

We sustain Palmer's cross-point and dismiss the State's appeal for want of jurisdiction.


/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

PUBLISH

DELIVERED:  June 25, 2015