

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00394-CR
No. 04-15-00395-CR

The **STATE** of Texas,
Appellant

v.

James Ray **JUNEK**,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court Nos. CR14-0145 & CR14-0146
Honorable Susan Harris, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Jason Pulliam, Justice

Delivered and Filed:  November 4, 2015

APPEAL DISMISSED FOR WANT OF JURISDICTION

The State of Texas appeals the trial court's order granting Appellee James Ray Junek's motion to suppress. The trial court signed the order on May 6, 2015. On May 14, 2015, the State timely filed a notice of appeal signed by Joseph Soane, Assistant Kerr County Attorney. On September 28, 2015, Junek filed a motion to dismiss the State's appeal for want of jurisdiction based upon the State's failure to comply with Texas Code of Criminal Procedure article 44.01(i). The State did not file a response.

In the motion to dismiss, Junek contends the notice of appeal filed by the State was invalid because Article 44.01 requires that a State's notice of appeal be signed by the prosecuting attorney or in some way manifest some indication the prosecuting attorney intended to or authorized the appeal. Junek contends the State's noncompliance with the provisions of Article 44.01 deprives this court of jurisdiction.

Texas Code of Criminal Procedure art. 44.01 states "[t]he prosecuting attorney may not make an appeal … later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." TEX. CODE CRIM. PROC. ANN. art. 44.01(d) (West Supp. 2014). "Prosecuting attorney" is defined as "the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." *Id.* art. 44.01(i).

In *State v. Muller*, the Texas Court of Criminal Appeals determined that Article 44.01(d) authorizes only the prosecuting attorney (in this case the elected Kerr County Attorney) "to make an appeal by personally authorizing—in some fashion—the specific notice of appeal in question" prior to the expiration of the deadline for perfecting an appeal. *See State v. Muller*, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992) (internal quotes omitted). The court stated in *Muller*:

> We do not suggest that Article 44.01 necessarily requires that a State's notice of appeal must, in all cases, reflect the personal signature of the prosecuting attorney. However, the plain meaning of the literal text of Article 44.01(d) requires the prosecuting attorney to "make an appeal" by personally authorizing—in some fashion—the specific notice of appeal in question. More specifically, to comply with the statute, he must either physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal in question. [Footnote omitted]. Because of the jurisdictional limitations of Article 44.01 ... we further read the statute to require this personal authorization to occur prior to the expiration of the fifteen day window of appeal.

*Id*.

When an appellee raises an issue concerning the prosecuting attorney's personal authorization of the State's appeal, the State bears the burden to prove "the appeal was personally, expressly and specifically authorized by the prosecuting attorney." *Muller*, 829 S.W.2d at 810 n.6. To satisfy this burden, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the *specific* notice of appeal filed in a given case. *Id*. "Evidence of a general delegation of authority to an assistant does not qualify under the statute." *Id.*

Thus, Article 44.01 requires the elected "prosecuting attorney", not an assistant attorney, to make the State's notice of appeal within the prescribed fifteen-day time period, either through the physical act of signing the notice or by personally and expressly authorizing an assistant to file a specific notice of appeal on his behalf. *See Muller*, 829 S.W.2d at 807-12. A prosecuting attorney's general delegation of authority to an assistant is insufficient, and the use of a "signature stamp, without more" does not comply with the statute. *See id.* (general delegation of authority does not qualify under the statute); *see also State v. Shelton*, 830 S.W.2d 605, 606 (Tex. Crim. App. 1992) (use of a "signature stamp, without more" does not comply with the statute).

In this case, the record reveals the notice of appeal was filed by and signed by Joseph Soane, Assistant Kerr County Attorney. The notice of appeal states, "NOW COMES THE STATE OF TEXAS, by and through its prosecuting attorney Assistant Kerr County Attorney, Joseph Soane…." However, following *Muller*, this statement is a statement of a general delegation of authority, rather than a case-specific, express authorization. Nothing in the notice of appeal or in the record reveals any authorization from the prosecuting attorney of Kerr County for Mr. Soane to file the notice of appeal in this *specific* case. The State has provided no response nor shown the proper authorization under *Muller*.

The time to file an amended notice of appeal has expired. Thus, the State has failed to satisfy its burden of proof to show the appeal was "personally, expressly and specifically

authorized by the prosecuting attorney." For this reason, this court must conclude the notice of appeal was defective for failure to comply with Article 44.01, and this court does not have jurisdiction over this appeal.

Appellee's motion to dismiss is granted. These appeals are dismissed. All pending motions are denied as moot.

PER CURIAM

DO NOT PUBLISH