

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00136-CR

———————————————————

STEVEN SEARLS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F17-3268-16

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Appellant Steven Searls pleaded guilty (without a charge or sentence bargain) to the state-jail felony of driving while intoxicated with child passenger. *See* Tex. Penal Code Ann. § 49.045. The trial court assessed his punishment at twenty months' confinement in the Texas Department of Criminal Justice–Correctional Institutional Division–State Jail. After entry of judgment, at Appellant's request and on the terms he proposed, the trial court released Appellant on bond pending resolution of this appeal.

Appellant raises a single issue that is dizzyingly circular. He claims that a condition imposed by the appeal bond that released him from confinement while he pursued an appeal entitles him to a time credit on his sentence for the time it takes to prosecute his appeal even though in the appeal he raises **no** claim of error in the trial court's judgment. The apparent and seemingly sole object of Appellant's strategy is to serve his sentence at home and avoid confinement in a state jail. Whatever his goal, Appellant seeks postconviction relief that we have no jurisdiction to provide. We therefore dismiss this appeal.

## II. Factual Background

Appellant was arrested when he was intoxicated and drove his two-year-old son to the home of his ex-wife. A blood test taken four hours after his arrest showed a blood-alcohol content of 0.31. Appellant was charged with driving while intoxicated

with child passenger and pleaded guilty, and after a punishment hearing, the trial court imposed its sentence.

The trial court subsequently entered a signed judgment. Two days after the entry of judgment, Appellant filed a notice of appeal. The day after filing the notice of appeal, Appellant filed a motion to set bond pending appeal. The motion sought bond so that he could perform his parenting responsibilities and continue to work. The motion also volunteered that Appellant would submit to additional conditions to obtain his release on bond:

> Further, Defendant consents to electronic monitoring including house arrest conditions. Defendant has not missed a court date, has appeared for all pending court dates, and is not a flight risk. If concerned about flight, the Court may assess an electronic monitoring requirement. [*See*] Tex. Code Crim. Proc. Ann. art. 42.035(b). Defendant may be forced to pay reasonable monitoring costs for electronic monitoring. Tex. Code Crim. Proc. Ann. art. 42.035(c). Defendant agrees to electronic monitoring and/or alcohol monitoring as the Court deems appropriate.

The trial court acceded to Appellant's request and set a $10,000 appeal bond. Also, in accord with Appellant's request, the terms of the appeal bond provided: "IMMEDIATELY UPON RELEASE, you are ORDERED to have a[n] electronic monitoring GPS placed on your person. You are ORDERED to abide by all rules and requirements required under any participation agreement including not missing any communication times set out by the participant agreement."

The terms also provided that Appellant was to remain under house arrest, except to attend work and church. Next, the terms provided for the installation of an

3

interlock device on Appellant's vehicles and for Appellant to have a "secure continuous transdermal alcohol monitoring (SCRAM) device placed on [his] person." Appellant signed the order stating that he understood the conditions of the bond.

After release on the appeal bond, Appellant filed motions to modify the work address specified in the conditions of the appeal bond. The motions sought no other changes.

## III. Why we dismiss this appeal

Appellant seeks a ruling from this court that appears to spring a hidden trap on the trial court. The basis for his appeal is that the conditions of his appeal bond placed him on house arrest with electronic monitoring. He argues that this condition entitles him to time credit on his sentence under Texas Code of Criminal Procedure article 42.035(d) and "[t]hat credit would be from the date on which the bond order was signed, April 8, 2019[,] until the earlier of (i) the revocation of the bond (if that ever occurs) or (ii) mandate on this case issuing."

We do not have jurisdiction to accord Appellant the postconviction relief that he seeks. Further, nothing in the record suggests that Appellant presented this contention to the trial court or that the trial court is even aware of his contention. No order from the trial court is found in the record resolving Appellant's contention.

The State addresses the merits of Appellant's arguments but does not suggest that we lack jurisdiction. But when we identify a concern about our jurisdiction, we must address that question sua sponte. *State v. Palmer*, 469 S.W.3d 264, 268 (Tex.

4

App.—Fort Worth 2015, pet. ref'd) (citing *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.

Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex.

Crim. App. 2002)).

In an appeal over which we have no jurisdiction, we simply do not have the

power to act:

> A threshold issue in any case is whether this court has jurisdiction to resolve the pending controversy. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002); *Ex parte Armstrong*, 110 Tex. Crim. 362, 366, 8 S.W.2d 674, 676 (1928). Likewise, our jurisdiction is fundamental and must legally be invoked. *Roberts*, 940 S.W.2d at 657; *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964) (op. on reh'g). If not legally invoked, we have no power to dispose of the purported appeal in any manner other than to dismiss it for want of jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

*Diaz v. State*, No. 02-17-00003-CR, 2018 WL 359958, at *2 (Tex. App.—Fort Worth

Jan. 11, 2018, no pet.) (mem. op., not designated for publication).

In making the determination of jurisdiction, our task is not to decide whether a

statute or rule prohibits us from acting but instead to search out and find a rule,

statute, or constitutional provision that authorizes our review. *Abbott v. State*, 271

S.W.3d 694, 696–97 (Tex. Crim. App. 2008). *Abbott* specifically held that "we have

not found any rule or any statutory or constitutional provision that would authorize

appellant's appeal from the trial court's post-judgment order denying his time-credit

motion." *Id.* at 697 (citing Tex. Const. art. V, § 6(a); Tex. Code Crim. Proc. Ann. art.

44.02; and Tex. R. App. P. 25.2(a)(2)). Thus, even if we had a ruling from the trial court, *Abbott* holds we would lack the jurisdiction to review that ruling.

Also, the Eastland Court of Appeals dealt with an issue similar to the one Appellant presents and held that it lacked jurisdiction to grant the postconviction relief that the appellant sought. *Eggert v. State*, No. 11-10-00177-CR, 2012 WL 1739048, at *2 (Tex. App.—Eastland May 17, 2012, no pet.) (mem. op., not designated for publication). In *Eggert*, the appellant claimed that the trial court should have given him a time credit for the period between the time that he was sentenced and the time that he was released on an appeal bond. *Id.* *Eggert* initially highlighted a lack of error preservation based on the fact that the error occurred after the judgment was appealed. *Id.* at *2 n.4. The opinion then focused on the jurisdictional issue and noted that a claim for a time credit raised a postconviction issue over which it lacked jurisdiction:

> Moreover, appellant's request for credit for post-sentence incarceration is in the nature of postconviction relief. The habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony postconviction relief in state court. Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983). If the habeas corpus applicant is held by virtue of a final conviction, in a felony case, the writ is returnable to the Texas Court of Criminal Appeals. [Tex. Code Crim. Proc. Ann. art. 11.07, §] 3(a); *Ex parte Brown*, 662 S.W.2d at 4. There is no role for the courts of appeals in the procedure under Article 11.07. [Tex. Code Crim. Proc. Ann. art. 11.07, §] 3; *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding) (stating that only the

[Texas] Court of Criminal Appeals has jurisdiction over state postconviction felony proceedings).

*Id.* at \*2. *Eggert*'s reasoning demonstrates why we, too, lack jurisdiction.

Further, the only question that Appellant raises in this appeal is the time-credit question that he has never presented to the trial court. He suggests that we rule that he is entitled to a credit for the time he spends bonded out on appeal and that he will tidy up the matter by obtaining a judgment nunc pro tunc when the issuance of our mandate reinvests the trial court with jurisdiction.

Appellant's attempt to obtain our advice on how the trial court should rule on his nunc pro tunc motion strikes us as pulling the fire alarm and then looking for the flames. We express no opinion on whether a motion for a nunc pro tunc is the proper method to address Appellant's issue; that is an issue for another day.

## IV. Conclusion

Accordingly, we dismiss this appeal for lack of jurisdiction.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 27, 2019

7