

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00150-CR
No. 02-21-00151-CR

———————————————

HENRY ARTHUR DIGGS MARSH AKA HENRY M. DIGGS, Appellant

V.

THE STATE OF TEXAS

———————————————

On Appeal from 297th District Court
Tarrant County, Texas
Trial Court Nos. 1606783D, 1606784D

———————————————

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Henry Arthur Diggs Marsh, also known as Henry M. Diggs, entered charge bargains with the State on two offenses. Before the charge bargain, on each offense, Diggs faced an imprisonment range of twenty-five years to life. After the charge bargain, on each offense, Diggs faced an imprisonment range of not more than twenty years or less than two years and a fine not to exceed $10,000. Diggs went open to the court on punishment. The trial court heard evidence and then sentenced Diggs to fifteen years' imprisonment on each offense. After Diggs filed a joint notice of appeal for both offenses, the trial court—on three occasions—declined to grant Diggs permission to appeal. We dismiss both of Diggs's appeals for want of jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).

## II. BACKGROUND

### A. The indictments

In cause number 02-21-00150-CR,[1] the State indicted Diggs for unlawful possession of a firearm by a felon, a third-degree felony. *See* Tex. Penal Code Ann. § 46.04(a), (e). The indictment contained a habitual offender notice alleging felony convictions in 2010 and 1999. By the State's alleging two prior felony convictions,

---

[1]Our appellate cause number corresponds to trial court cause number 1606783D.

Diggs faced a punishment range of life in prison or imprisonment for any term of not more than 99 years or less than 25 years. *See id.* § 12.42(d).

In cause number 02-21-00151-CR,[2] the State indicted Diggs for possession of four grams or more but less than two hundred grams of a controlled substance (methamphetamine), a second-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(d). As with the other indictment, this one contained a habitual offender notice alleging felony convictions in 2010 and 1999 that increased Diggs's punishment range to life in prison or imprisonment for any term of not more than 99 years or less than 25 years. *See* Tex. Penal Code Ann. § 12.42(d).

## B. Plea bargain fails

Initially, the State offered Diggs fifteen-year sentences in exchange for his pleas of guilty. Diggs rejected the offer.

## C. Plea bargain succeeds

Several months later, Diggs accepted a plea agreement. In cause number 02-21-00150-CR, the State agreed to waive one prior felony enhancement, and Diggs agreed to plead guilty and go open to the court for punishment. By the State's waiving one of the two prior felony convictions, Diggs faced a punishment range of a second-degree felony, that is, imprisonment for any term of years of not more than twenty years or less than two years and a fine not to exceed $10,000. *Id.* §§ 12.33, 12.42(a).

---

[2]Our appellate cause number corresponds to trial court cause number 1606784D.

And in cause number 02-21-00151-CR, the State agreed to waive both felony enhancements, and Diggs agreed to plead guilty and go open to the court for punishment. By the State's waiving the prior felony enhancements, Diggs faced—as with the other offense—a punishment range of a second-degree felony, that is, imprisonment for any term of years of not more than twenty years or less than two years and a fine not to exceed $10,000. *See* Tex. Health & Safety Code Ann. § 481.115(d); Tex. Penal Code Ann. § 12.33.

## D. Sentencing

The record for the sentencing hearing confirms that Diggs pleaded guilty in exchange for the State's dropping the felony enhancements.[3] At the hearing's conclusion, the trial court assessed Diggs's punishment at fifteen years' confinement for both offenses. The trial court said nothing about giving Diggs permission to appeal.

## E. Judgments

The judgment for cause number 02-21-00150-CR identifies the terms of the plea bargain as "Waive 1 prior; guilty plea: open to judge." The judgment for cause number

---

[3]For example, when cross-examining Diggs, the prosecutor asked him, "Now, we've agreed when you pled guilty earlier to waive one of those priors and let you plead as a repeat offender instead. Now, you -- you understand that that is a gift in and of itself?" Diggs responded, "I do understand that." And before sentencing Diggs, the trial court said, "Mr. Diggs, you got a lot of justice when the State waived that habitual offender paragraph and put you -- because if they would have tried you, you would have been 25 to 99 or life, if they wanted to put that on you; they didn't do that."

02-21-00151-CR identifies the terms of the plea bargain as "Waive enhancement; guilty plea: open plea w/PSI."

## F. Correspondence regarding whether Diggs had the right to appeal

Diggs then filed a joint notice of appeal for both cases. Thereafter, this court, Diggs's counsel, and the trial court wrestled with whether Diggs had the right to appeal his convictions.

### 1. Original "Certification of Defendant's Right of Appeal"

The trial court initially signed certifications of "Defendant's Right of Appeal" in which it checked the option indicating that Diggs's appeals were plea-bargain cases and that he had no right of appeal.

### 2. Clerk's letter challenging Diggs's right of appeal

A few days later, we sent a clerk's letter asserting that Diggs had no right of appeal in either case and asking Diggs to explain why his appeals should not be dismissed.

### 3. First amended "Certification of Defendant's Right of Appeal"

Diggs responded by filing a first amended certification of "Defendant's Right of Appeal" in which a visiting judge wrote, "Limited right of appeal. Defendant pleaded open to the court."

### 4. Clerk's records filed

About a month later, the clerk's records for both appeals were filed.

### 5. Clerk's letter challenging Diggs's right of appeal

After reviewing the clerk's records, we sent another clerk's letter explaining that the records reflected that Diggs had entered charge bargains and was, thus, not entitled to appeal. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). We again asked Diggs to explain why his appeals should not be dismissed.

### 6. Second amended "Certification of Defendant's Right of Appeal"

Responding to our second clerk's letter, Diggs filed a second amended certification of "Defendant's Right of Appeal" in which the trial court again asserted, "Limited right of appeal. Defendant pleaded open to the court." Unlike the first amended certification, which was signed by a visiting judge, the presiding judge signed the second amended certification.

In addition to filing a second amended certification, Diggs also filed a letter response in which he argued that he and the State had not entered into a charge bargain. In support of that assertion, he cited *Shankle. See id.*

### 7. Clerk's letter indicating that Diggs's appeals would proceed

We then sent a third clerk's letter stating that we would continue the appeals. The clerk's letter did not, however, purport to have resolved the jurisdictional issue. Instead, in concert with allowing the appeals to continue, the clerk's letter indicated that the reporter's record, which had not yet been filed, was now due. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) ("If the court chooses to examine a

6

certification after the record is filed, it has the ability to compare the certification to the record and, in that instance, a duty to do so.").

## G. Briefing

Thereafter, Diggs's appointed counsel filed an *Anders* brief for both cases. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Although thorough, counsel's *Anders* brief did not address any of our jurisdictional concerns. When Diggs failed to file a response to his counsel's *Anders* brief, we asked for a response from the State. The State filed a letter response in which it agreed with Diggs's counsel that Diggs's appeals were frivolous.

## III. DISCUSSION

Because subject matter jurisdiction cannot be conferred by the parties' agreement, courts may sua sponte address jurisdictional issues. *State v. Palmer*, 469 S.W.3d 264, 268 (Tex. App.—Fort Worth 2015, pet. ref'd). As discussed above, from the outset, we questioned our jurisdiction because the record appeared to show that Diggs and the State had entered into a charge bargain. *See Shankle*, 119 S.W.3d at 813.

## A. Charge bargain

In Diggs's response to our second clerk's letter, he disputed whether what he and the State did constituted a charge bargain:

> The plea in this case was not a charge bargain. The State waived the
> Habitual Offender Notice, however, unlike in *Shankle* . . . [,] the State here
> did not recommend any potential sentence nor did the Appellant and State

7

agree on a punishment cap other than what the possible punishment range was for the charged offenses.

We agree that Diggs and the State did not enter a sentence bargain, that is, they did not agree on the punishment to be assessed. *See id.* But we disagree with Diggs's assertion that they did not enter a charge bargain. The Texas Court of Criminal Appeals has already refuted Diggs's argument in *Shankle*: "It is obvious that sentence-bargaining involves punishment, and almost equally obvious that charge-bargaining affects punishment. An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed." *Id.* The record does not show that Diggs's decision to plead guilty was unrelated to the State's decision to drop one felony enhancement in cause number 02-21-00150-CR and to drop both felony enhancements in cause number 02-21-00151-CR.

## B. Charge bargains, Article 44.02, and Rule 25.2

Charge bargains fall within the parameters of Article 44.02 of the Texas Code of Criminal Procedure and Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, which govern defendants' rights to appeal following plea bargains. *Id.* at 812–14; *Harper v. State*, 567 S.W.3d 450, 453–55 (Tex. App.—Fort Worth 2019, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2); *see also Kennedy v. State*, 297 S.W.3d 338, 341–42 (Tex. Crim. App. 2009) ("The court of appeals and the parties in this case incorrectly assumed that [the defendant's] right to appeal was not governed by Rule

25.2(a)(2), presumably because the plea papers are titled, 'open plea.' However, the record . . . shows that the State and [the defendant] entered into a charge-bargain agreement."); *Barnard v. State*, No. 02-19-00184-CR, 2021 WL 832650, at *1 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op., not designated for publication) ("[T]he record shows a charge bargain with [the defendant] going 'open' to the court for punishment. The guilty plea itself was not open (it was settled); rather, it was the punishment to be imposed based on the guilty plea that was open (it was not settled).").

## C. Applying Article 44.02 and Rule 25.2

Under Article 44.02 and Rule 25.2(a)(2), unless the record shows that the trial court gave permission to appeal or that the appeal is based on matters raised by written motion filed before trial and ruled on by the trial court, we do not have jurisdiction to consider Diggs's appeals. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2)(A). The records do not show that the trial court denied any of Diggs's pretrial motions. All that leaves is whether the trial court granted Diggs permission to appeal. *See Robles v. State*, Nos. 02-21-00131-CR, 02-21-00132-CR, 2022 WL 3097288, at *2 n.1 (Tex. App.—Fort Worth Aug. 4, 2022, no pet.) (mem. op., not designated for publication).

The forms used here to certify Diggs's right to appeal followed verbatim the form provided in the Texas Rules of Appellate Procedure, which lists the following options:

I certify that this criminal case:

9

☐ is not a plea-bargain case, and the defendant has the right of appeal;

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal;

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal;

☐ is a plea-bargain case, and the defendant has NO right of appeal;

☐ the defendant has waived the right of appeal.

Tex. R. App. P. app. D.

Although the trial court signed three different certificates of the "Defendant's Right to Appeal," and although each certificate contained the option of granting Diggs permission to appeal, the trial court never checked one of those boxes. Rather, the trial court handwrote in and checked a box of its own creation, which neither Rule 25.2 nor Appendix D of the Texas Rules of Appellate Procedure authorizes.

In its interlineation, the trial court wrote, "Limited right of appeal. Defendant pleaded open to the court." In the past, we have construed handwritten notations as evidence of the trial court's intent to grant permission to appeal. For example, in *Anderson v. State*, which involved a charge bargain, the trial court incorrectly wrote that the defendant's case was not a plea-bargain one, but the trial court added that "the defendant ha[d] the right of appeal as to punishment only." No. 02-16-00392-CR, 2017 WL 2805870, at *1 n.2 (Tex. App.—Fort Worth June 29, 2017, no pet.) (per curiam) (mem. op., not designated for publication). We construed the latter language as

evidence of the trial court's permission to appeal any punishment issue. *Id.* Diggs's appeals, however, are distinguishable. The trial court here neither identified any issue that Diggs could appeal nor explained the meaning of its interlineation. We do not know what the trial court meant.[4]

For jurisdictional purposes, the trial court—although given three opportunities—did not check the box granting Diggs permission to appeal. Therefore, we hold that the trial court did not give Diggs permission to appeal.[5]

## IV. CONCLUSION

We dismiss both of Diggs's appeals for want of jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).

---

[4]Courts sometimes describe the defendant as having a limited right of appeal and then cite Rule 25.2 of the Texas Rules of Appellate Procedure. *See, e.g., Dryden v. State*, No. 06-20-00061-CR, 2020 WL 5539092, at *1 (Tex. App.—Texarkana Sept. 16, 2020, no pet.) (mem. op., not designated for publication); *Stewart v. State*, No. 04-18-00419-CR, 2018 WL 3998494, at *1 (Tex. App.—San Antonio Aug. 22, 2018, pet. ref'd) (per curiam) (mem. op., not designated for publication); *Martinez v. State*, No. 08-17-00253-CR, 2018 WL 345830, at *1 (Tex. App.—El Paso Jan. 10, 2018, no pet.) (per curiam) (not designated for publication). And the use of the term "open plea" is ambiguous. *See Harper*, 567 S.W.3d at 454.

[5]We encourage trial courts to minimize appeal-certification issues by adhering to the court of criminal appeals' recommended options in Appendix D to the Texas Rules of Appellate Procedure.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 23, 2023