PD-0969-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2017 4:06 PM
Accepted 10/6/2017 10:31 AM
DEANA WILLIAMSON
CLERK

NO. PD-0969-17

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS
AT AUSTIN

FILED
COURT OF CRIMINAL APPEALS
10/6/2017
DEANA WILLIAMSON, CLERK

_____

**THE STATE OF TEXAS,**
**Appellant**

**v.**

**RANDY DALE ADAMS,**
**Appellee**

_____

*On appeal in Cause No. F14-34086-K*
*from the Criminal District Court #4*
*Of Dallas County, Texas*
*And on Petition for Discretionary Review from*
*the Fifth District of Texas at Dallas*
*In Cause No. 05-16-01045-CR*

_____

**APPELLEE'S PETITION FOR DISCRETIONARY REVIEW**

_____

*Counsel of Record:*

Alison Grinter
State Bar No. 24043476
633 West Davis Street, Ste. 1017
Dallas, Texas 75208
(214) 704-6400 (*phone*)
alisongrinter@gmail.com

ATTORNEY FOR PETITIONER/APPELLEE

# LIST OF PARTIES

**TRIAL COURT JUDGE**
Dominique Collins – Criminal District Court No. 4

**APPELLANT**
The State of Texas

**APPELLEE**
Randy Dale Adams

**DEFENSE COUNSEL AT TRIAL**
Alison Grinter
633 West Davis Street, Ste. 1017
Dallas, Texas 75208

Douglas Huff
Dallas County Public Defender's Office
133 North Riverfront Boulevard LB-9
Dallas, Texas 7520

**ON APPEAL**
Alison Grinter

**STATE'S ATTORNEYS AT TRIAL**
Blake Reyna
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

**ON APPEAL**
Faith Johnson, District Attorney

Brian P. Higginbotham
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES ................................................................................................. ii

INDEX OF AUTHORITIES ..................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ..............................................1

STATEMENT OF THE CASE ...............................................................................1

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ...................1

STATEMENT OF FACTS ......................................................................................2

GROUNDS FOR REVIEW....................................................................................2

ARGUMENT ..........................................................................................................3

Ground One............................................................................................................3

*The issue of a hotel guest's reasonable expectation of privacy in his own hotel registration is a novel question of law that has not been, but should be decided by the Court of Criminal Appeals.* .....................3

Ground Two ............................................................................................................4

*The Court of Appeals' decision reversing the trial court's order granting Petitioner's motion to suppress evidence conflicts with decisions of the United States Supreme Court.* .................................................4

Ground Three .........................................................................................................6

*The court of appeals' failure to grant Appellee's motion to dismiss the State's appeal for want of jurisdiction has so far departed from the usual and accepted course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.* ...............................................................................................6

PRAYER FOR RELIEF .........................................................................................7

CERTIFICATE OF SERVICE...............................................................................7

CERTIFICATE OF COMPLIANCE......................................................................8

# INDEX OF AUTHORITIES

**Cases**

*City of Los Angeles v. Patel,*
  135 S. Ct. 2443 (2015) ...........................................................................5

*Ford v. State,*
  477 S.W.3d 321 (Tex. Crim. App. 2015) .................................................3

*Hankston v. State,*
  517 S.W.3d 112 (Tex. Crim. App. 2017) .................................................3

*Katz,*
  389 U. S. 347 (1967) ...............................................................................6

*Love v. State,*
  No. AP-77, 024 (Tex. Crim. App. 2016) (slip opinion available at 2016 Tex.
  Crim. App. LEXIS 1445) .........................................................................4

*Muller,*
  829 S.W.2d 805 (Tex. Crim. App. 1992) .................................................7

*Smith v. Maryland,*
  442 U. S. 735 (1979) ............................................................................5, 6

*State v. Adams,*
  No. 05-16-01045-CR, 2017 Tex. App. (Tex. App.—Dallas August 3, 2017)
  (not designated for publication) ..............................................................1

*State v. Muller,*
  829 S.W.2d 805 (Tex. Crim. App. 1992) .................................................6

*State v. Shelton,*
  830 S.W.2d 605 (Tex. Crim. App. 1992) .................................................6

*United States v. Miller,*
  425 U. S. 435 (1976) ...............................................................................5

*US v. Jones,*
  132 S. Ct 945 (2012) ...............................................................................5

**Statutes**

TEX. CODE CRIM. PROC. art. 44.01(a)(5)...............................................................1

TEX. CODE CRIM. PROC. art. 44.01(d)....................................................................6

TEX. CODE CRIM. PROC. art. 44.01(i).....................................................................6

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Randy Dale Adams, Appellee, respectfully presents to this Honorable Court his Petition for Discretionary Review of the Fifth District Court of Appeals' Opinion reversing the trial court's order.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee requests oral argument because this case presents a question of law on an issue having statewide impact and possible reoccurrence. Oral argument may be helpful to the members of this Court in the resolution of the issue presented.

## STATEMENT OF THE CASE

Appellee was charged by indictment with the state jail felony offense of possession of a controlled substance. (CR: 7). The trial court granted Appellee's motion to suppress. (CR: 6; CR: 24; 2RR: 24). The State appealed pursuant to TEX. CODE CRIM. PROC. art. 44.01(a)(5). (CR: 28). The State's Notice of Appeal was signed by the First Assistant District Attorney of Dallas County in the absence of the elected District Attorney, Susan Hawk. (CR: 28, 29).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On August 3, 2017, in an unpublished opinion, the Court of Appeals for the Fifth District of Texas reversed the trial court's order granting the motion to suppress. *State v. Adams*, No. 05-16-01045-CR, 2017 Tex. App. (Tex. App.—Dallas August 3, 2017) (not designated for publication). (*See Appendix*). No

1

motion for rehearing was filed. An extension of time to file was granted by this Court, and this Petition is timely if filed on or before October 5, 2017.

## STATEMENT OF FACTS

On July 10, 2014, two officers from the Irving Police Department, responding to no call, no disturbance, and with no individualized suspicion of any criminal activity whatsoever, requested the entire current hotel registry from the Motel 6 in Irving. The front desk clerk turned over the registry as requested by the uniformed officers. The officers took the entire hotel registry back to their car and began searching the names listed against their database. When they came across the name of Randy Dale Adams, they found that Mr. Adams had misdemeanor warrants. The officers then went to the room listed for Mr. Adams and his lady friend, and arrested Mr. Adams as he emerged from the shower wrapped in a towel. They also found a small quantity of methamphetamine in the bathroom. Mr. Adams's motion to suppress the seized evidence was granted after a hearing in which one of the two officers testified, and the State's sole argument was that the Defendant lacked standing to complain about any police intrusion into the hotel registry.

## GROUNDS FOR REVIEW

**Ground One: The issue of a hotel guest's reasonable expectation of privacy in his own hotel registration is a novel question of law that has not been, but should be decided by the Court of Criminal Appeals.**

**Ground Two: The Court of Appeals' decision reversing the trial court's order granting Petitioner's motion to suppress evidence conflicts with decisions of the United States Supreme Court.**

**Ground Three: The court of appeals' failure to grant Appellee's motion to dismiss the State's appeal for want of jurisdiction has so far departed from the usual and accepted course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.**

## ARGUMENT

### Ground One

***The issue of a hotel guest's reasonable expectation of privacy in his own hotel registration is a novel question of law that has not been, but should be decided by the Court of Criminal Appeals.***

The Court of Appeals decision is an improper expansion of the Third Party Doctrine past the limits of any of its prior applications, both because of the sensitivity of the information sought, and because it was sought here without any individualized suspicion whatsoever.

Texas courts have not examined the issue of an individual's right to expect privacy in his or her hotel registration information. The Court of Appeals reversed the trial court's order entirely on the basis of the Third Party Doctrine, i.e. the hotel registry was comprised of information in the possession of a third party motel office. Citing *Hankston v. State*, 517 S.W.3d 112, 117 (Tex. Crim. App. 2017) and *Ford v. State*, 477 S.W.3d 321, 328 (Tex. Crim. App. 2015), the Court found that Adams had no expectation of privacy in that record. However, *Hankston* and *Ford*

3

dealt with targeted investigations into cell site location information obtained by court order, not suspicionless fishing expeditions, as is the case here. Additionally, this Court has found that the Third Party Doctrine is not absolute, and that it is limited by an individual citizen's legitimate privacy interests. *See Love v. State*, No. AP-77,024 (Tex. Crim. App. 2016) (slip opinion available at 2016 Tex. Crim. App. LEXIS 1445).

The limits of the Third Party Doctrine are at the forefront of our Fourth Amendment jurisprudence in the digital age because so much of a modern person's life, which would have previously been unquestionably private, is disclosed, in one way or another, to third parties who may not share the individual's interest in the privacy of that information. Whether police officers in Texas should be allowed to request that information under the color of authority, and aggregate, maintain, and use it without any individualized suspicion is a question of law that should be handled by the Court of Criminal Appeals. This is a case that allows the Court to address the issue in a way that is not married to a particularly specific or arcane set of technical facts.

### Ground Two

***The Court of Appeals' decision reversing the trial court's order granting Petitioner's motion to suppress evidence conflicts with decisions of the United States Supreme Court.***

4

Although the Court does not reach the issue specifically in *City of Los Angeles v. Patel,* because the city ordinance at issue fails on the city's stated purpose, the opinion discusses that a suspicionless request for a hotel registry as likely illegal because it would constitute "harassment of hotel guests." *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2453 (2015). This implied recognition of a privacy right for a hotel guest in his name on the hotel register is born out in the briefs in *Patel*, which show a bubbling concern for the use of the statute allowing for on-demand searches of registries as a pretext for an unconstitutional tool that police can use as an end-around of the warrant requirement to investigate crime. *Id.* This case is exactly the fact pattern anticipated in the Supreme Court's opinion in *Patel*.

Further, Justice Sotomayor's concurrence in *US v. Jones*, 132 S. Ct 945, 957 (2012) spells out a genuine concern for the blind application of the Third Party Doctrine in situations just like the one in the case at bar.

> More fundamentally, it may be necessary to reconsider the premise that an individual has no reasonable expectation of privacy in information voluntarily disclosed to third parties. *E.g., Smith*, 442 U. S., at 742; *United States* v. *Miller*, 425 U. S. 435, 443 (1976). This approach is ill suited to the digital age, in which people reveal a great deal of information about themselves to third parties in the course of carrying out mundane tasks. People disclose the phone numbers that they dial or text to their cellular providers; the URLs that they visit and the e-mail addresses with which they correspond to their Internet service providers; and the books, groceries, and medications they purchase to online retailers. Perhaps, as Justice Alito notes, some people may find the "tradeoff" of privacy for convenience

"worthwhile," or come to accept this "diminution of privacy" as "inevitable," post, at 10, and perhaps not. I for one doubt that people would accept without complaint the warrantless disclosure to the Government of a list of every Web site they had visited in the last week, or month, or year. But whatever the societal expectations, they can attain constitutionally protected status only if our Fourth Amendment jurisprudence ceases to treat secrecy as a prerequisite for privacy. I would not assume that all information voluntarily disclosed to some member of the public for a limited purpose is, for that reason alone, disentitled to Fourth Amendment protection. See *Smith*, 442 U. S., at 749 (Marshall, J., dissenting) ("Privacy is not a discrete commodity, possessed absolutely or not at all. Those who disclose certain facts to a bank or phone company for a limited business purpose need not assume that this information will be released to other persons for other purposes"); see also *Katz*, 389 U. S., at 351–352 ("[W]hat [a person] seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected").

## Ground Three

***The court of appeals' failure to grant Appellee's motion to dismiss the State's appeal for want of jurisdiction has so far departed from the usual and accepted course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision.***

The State's notice of appeal was insufficient to confer jurisdiction on the Court of Appeals because (1) the record is clear that an elected district attorney did not sign the State's notice of appeal, and (2) the notice of appeal, on its face, failed to clearly show that an elected district attorney "personally, expressly and specifically" gave an "explicit instruction" for the First Assistant to sign the State's notice of appeal. TEX. CODE CRIM. PROC. arts. 44.01(d), 44.01(i); *State v. Shelton*, 830 S.W.2d 605, 606 (Tex. Crim. App. 1992); *State v. Muller*, 829 S.W.2d 805, 809-12 (Tex. Crim. App. 1992), 810 n.5, 812. As the State failed to satisfy the

6

narrow requirements of Article 44.01 necessary to invoke the Court of Appeals' jurisdiction, the Court should here intervene and overturn the Court of Appeals' extrajurisdictional opinion. *Muller*, 829 S.W.2d at 811.

## **PRAYER FOR RELIEF**

For the reasons herein alleged, Appellee prays this Court grant this petition and, upon reviewing the judgment entered below, reverse the opinion of the Dallas Court of Appeals and affirm the trial court's order granting Appellee's motion to suppress.

Respectfully submitted,

/s/ *Alison Grinter*
Alison Grinter

State Bar No. 24043476
633 West Davis Street, Ste. 1017
Dallas, Texas 75208
(214) 704-6400 (*phone*)
alisongrinter@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2017, a true copy of the foregoing petition for discretionary review was served on Lori Ordiway, Assistant District Attorney, Dallas County Criminal District Attorney's Office, 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by electronic delivery; and was also served on, Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711 by electronic delivery and by depositing same in the United States Mail, Postage Prepaid.

/s/ *Alison Grinter*
Alison Grinter

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Petition for Discretionary Review contains 1,423 words.

/s/ *Alison Grinter*
Alison Grinter

APPENDIX



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01045-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**RANDY DALE ADAMS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F14-34086-K**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

The State of Texas appeals an order granting Randy Dale Adams's motion to suppress evidence. In a single issue, the State contends the trial court abused its discretion in granting Adams's motion. Because we agree, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

On July 10, 2014, Irving police officers went to a Motel 6 and requested a copy of its guest registry. The motel manager voluntarily gave the officers the registry. The officers then checked the names on the registry for warrants. As a result, police discovered Adams was staying at the motel and also that he had a warrant for his arrest. Police knocked on his motel room door and asked for consent to search the room. Adams consented and police found methamphetamine.

Adams filed a motion to suppress complaining that the investigation that enabled police to locate him violated his rights under the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution. The trial court granted Adams's motion. In a single issue, the State contends the trial court erred in granting the motion to suppress because Adams had no reasonable expectation of privacy in the hotel registry. We agree.

The Fourth Amendment and Article 1, Section 9 protects individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tex. Const. art. 1, § 9; *see also Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013). The purpose of both provisions is to safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions. *Hankston v. State*, 517 S.W.3d 112, 117 (Tex. Crim. App. 2017). Under the third-party doctrine, police are not prohibited from obtaining information revealed to third parties, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. *Smith v. Maryland*, 442 U.S. 735, 477 (1979); *Hankston*, 517 S.W.3d at 117; *Ford v. State*, 477 S.W.3d 321, 328 (Tex. Crim. App. 2015).

Adams's motion to suppress was based on his contention that he had a reasonable expectation of privacy in the motel registry. However, the only information contained on the registry was information Adams revealed to a third party, the motel. Adams had no reasonable expectation of privacy in that information. *Hankston*, 517 S.W.3d at 117; *Ford*, 477 S.W.3d at 329. We therefore conclude the trial court abused its discretion in granting Adams's motion to suppress.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

161045F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-16-01045-CR     V.

RANDY DALE ADAMS, Appellee

On Appeal from the Criminal District Court
No. 4 of Dallas County, Texas
Trial Court Cause No. F14-34086-K.
Opinion delivered by Justice Brown. Justices
Francis and Schenck participating.

Based on the Court's opinion of this date, the trial court's order granting Randy Dale Adams's motion to suppress is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

Judgment entered this 3rd day of August, 2017.